### C. D. GRACE v. EMILY WALKER ET AL.

No. 1038. Decided November 7, 1901.

**1.—Public Street—Dedication.**

The owner of land traversed obliquely by a public street, who, agreeing to donate the land necessary therefor, procured a city ordinance changing its location so as to run along his boundary line, with the provision that "the same shall not be less than forty feet wide," thereby dedicated to the public the entire width of forty feet along such boundary for the highway, rendering any condemnation or further proceedings to establish it unnecessary. (Pp. 41, 42.)

**2.—Change of Street—Ordinance.**

See city ordinance relative to change of public street, held to take effect at once as an establishment of the new street, and to require no further action to give effect to the change. (P. 42.)

**3.—Same—Description.**

A call for a northern course in laying out a street is controlled by calls for a line and corner which may be followed while maintaining the northern course substantially though not strictly. (P. 42.)

**4.—Same.**

A call in the description of a street to run north along a proprietor's west line and with a width of forty feet, established the street with its entire width west of that line and on land of another proprietor, where the latter only had petitioned for the road and offered to give the land.   (P. 42.)

## ON REHEARING.

**5.—Practice on Reversal.**

The Supreme Court on reversing and remanding a cause as to certain defendants in error, may, in its discretion, reverse and remand as to others against whom the record does not show error and strict right to a reversal, where justice seems to require this.   (P. 43.)

Error to the Court of Civil Appeals for the Third District (in case transferred from First), on an appeal from Fannin County.

*Chas. D. Grace* and *P. C. Thurmond,* for plaintiffs in error.

*Richard B. Semple,* for defendants in error.

WILLIAMS, ASSOCIATE JUSTICE.—The plaintiff in error instituted this action to enjoin the defendants in error from obstructing a street in the town of Bonham upon which his land abuts, and to force them to remove obstructions already placed in such street.

The plaintiff claimed that the street was legally established by ordinance, and was forty feet wide, while defendants contended that it was never so established by ordinance, but that, by dedication by abutting proprietors, a street twenty-five feet wide had been established.

Upon plaintiff's contention the obstructions complained of would be in the street, while, if defendants be correct in theirs, their improvements are not in the street but upon their own land.   The district judge found that no street forty feet wide had ever been established by the ordinance on which plaintiff relied, but that one twenty-five feet wide existed by dedication as asserted by defendants, and gave judgment for defendants. This judgment was affirmed by the Court of Civil Appeals.

The facts about which no conflict in the evidence exists and upon which the decision of this court must be founded are, that, prior to 1881, what was known as Kemps Ferry Road, beginning at Planters street, in Bonham, the course of which was east and west, ran north, between land owned by D. E. Kennedy on the east and Johnson on the west, until it reached the south line of the property of plaintiff Grace, which lay just north of Kennedy's.   Plaintiff's south line extended further west than Kennedy's north line, and hence the road passed diagonally across the southwestern corner of plaintiff's land, and then again turned north along his western line for a space, and thence changed in a northwestern direction, across a ten-acre tract then owned by Fisher, and passed across it and intervening land to and across lands of Chenoweth, and then to and across lands of Cowart.   Thus, instead of following the line of Fisher's, Chenoweth's and Cowart's tracts, the road passed obliquely

across them.  In 1881 Fisher, Chenoweth, and Cowart appeared before the city council and asked that the street be changed so as to run along their lines, agreeing to donate strips sufficient for the purpose.  These proposals were acceded to by the council, and an ordinance was passed fixing the course of this and other streets,—the part relating to this matter being as follows:

"That the road known as the Kemps Ferry Road, from the point where it leaves Planters street, at E. D. Kennedy's S. W. corner; hence north along Kennedy's and C. D. Grace's west line to J. Q. Chenoweth's S. E. corner; thence west to P. B. Maddray's E. line; thence north to Chenoweth's N. W. corner; thence west to Polly Robert's E. line; thence N. to city limits; be declared a second class street and known as Red River street, and that the same shall not be less than 40 feet wide."

Soon after this was done Chenoweth and Cowart inclosed their land leaving outside their fences strips of the width specified in the ordinance.  There is evidence as to the direction which the travel took thereafter, but, as there is some conflict in it, this court can not determine its value or act upon it.  The defendants, except Shain, claim, under Fisher, parts of the ten-acre tract, through deeds made after the passage of the ordinance, which so fixed their eastern lines as to allow a strip of about twenty-five feet between them and plaintiff.

The location of Shain's land and the derivation of his title are not shown by the record.

The undisputed facts, in our opinion, established plaintiff's right against all of the defendants except Shain.  The charter of Bonham gave to the city council power to "open, widen, extend, improve, vacate or abolish streets, lanes, avenues and alleys."  There is no claim that the right of any person whose property abutted upon the street as it was before the ordinance was passed was impaired or injured by the change.  The contention of defendants in error is that the action taken was not sufficient to establish the street as plaintiff claims it.  The fact that no property was condemned is referred to by the district judge as one reason.  So far as Fisher, Chenoweth, and Cowart were concerned, no condemnation or compensation was necessary.  Their own acts and consent dispensed with any such proceedings.  Their proposals and the ordinance together amounted to a complete dedication and acceptance, which estopped them.  Dill. Mun. Corp., secs, 631, 632, and authorities cited in notes; City of San Antonio v. Grandjean, 91 Texas, 433.

It is said that the evidence does not show that Fisher consented to the use of forty feet of his land, but we think it does.  The statement is that the ordinance was passed at his request and that he consented to donate the land, as did Chenoweth and Cowart.  The ordinance was based upon and embraced their proposals, and no other construction is admissible under the evidence.  It is urged, in substance, that the ordinance was merely preparatory to the subsequent establishment of the street, but its language will not bear that interpretation.  By its terms it fixes the course and limits of the street *in praesenti*, and it must have

that effect, there being no reason why it could not take effect at once. Such a reason is suggested in the fact that the owners of the land lying between Fisher and Chenoweth did not consent and their land was not condemned. None of the defendants, unless it be Shain, is interested in that land or can assert the rights of its owners. The consent of those who induced the action authorized the establishment of the street across their land, and the attempt to carry it across those of others was subject to the acquiescence of such others or the necessity of condemnation and compensation as the future might have developed.

The evidence does not show that further action ever became necessary, but does show that a street of at least twenty-five feet width is recognized by everyone. If it be conceded that the street is restricted to this width through the lands of those who did not agree to a greater width, this does not prevent the operation of the ordinance upon those who gave the forty feet.

There is the further argument that the description in the ordinance can not be applied as plaintiff seeks to apply it, first, because it gives the course of the street north along the western lines of Kennedy and Grace, which course the street can not follow without passing through Grace's land; and second, that it does not specify that the street is to run wholly upon Fisher's land, but is consistent with its being partly upon that and partly upon Grace's land.

To the first objection the answer is that the call for north gives only the course which is controlled by the calls for Grace's west line and Chenoweth's southeast corner. The street may follow both these calls and run substantially in a northern direction. As to the second objection, it is only necessary to point out that the ordinance evidently gives one line of the street which is with Grace's west line to Chenoweth's southeastern corner, and fixes the other line by giving the width, which from the nature of the transaction must be upon Fisher's land.

The road, after it touched Fisher's land, already ran partly along Grace's west line and then diverged obliquely across that of Fisher. The object of the parties was to change it only so far as the description makes changes, so as to carry it along the boundaries. The proceeding was not designed to open a new street, but to change in some particulars the course of an old one.

The defendants who claim under Fisher are bound by his action. The plaintiff made no case against Shain, and the judgment in his favor will be affirmed. As to the other defendants the judgments of the District Court and of the Court of Civil Appeals will be reversed, and the cause remanded to the District Court with instructions to perpetuate the injunction originally granted restraining defendants from obstructing the street, as it is held by this opinion to exist; and to issue such other process as may be necessary to require the defendants, within such reasonable time as the court may fix, to remove from the street the obstructions which they have placed in it.

*Affirmed in part, reversed and remanded in part.*

ON MOTION FOR REHEARING.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiff in error asks a rehearing of so much of the judgment of this court as affirms the judgment of the Court of Civil Appeals in favor of Shain, and seeks to make it appear from the statement of facts, in connection with an agreement now filed in this court, that Shain in fact claimed under Fisher, as did the other defendants. We have critically examined the statement in the record and are confirmed in our first conclusion that, as there written, it does not show the fact in question. The agreement of counsel for both parties now filed is to the effect that the fact was shown in the trial below that Shain claimed under Fisher, and that the present condition of the record was due to their misunderstanding of the effect of the language used in preparing the statement of facts. But the judgments of this court must be based upon facts appearing in the record of the trial below and not upon such agreements. Since, however, the judgment of the Court of Civil Appeals was reversed for other reasons, this court may either render final judgment, when the facts warrant, or remand the cause as justice may require; and we think that, under the circumstances, it becomes proper to remand the cause for a new trial between plaintiff and the defendant Shain, and that our previous judgment be modified to this extent but no further.

We find nothing in the motion of defendant in error to change our former opinion.

*Reversed and remanded.*