**WHITE et ux. v. STATE.**

No. 13951.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 2, 1938.

Three Hundred Dollars cash in hand paid, with these further stipulations:

"And it is further agreed that the said J. A. White et ux in consideration of the benefits above set out, will remove from the property above described such fences, buildings and other obstructions as may be found upon said property.

"To have and to hold the above described premises, together with all and singular the rights and hereditaments thereunto in anywise belonging unto the said State of Texas and its assigns.

"And J. A. White et ux hereby bind their heirs, executors and administrators to forever warrant and defend the rights and title to said premises unto the said State of Texas, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

On October 6th, 1938, the State instituted this suit, by and through its Attorney General, against J. A. White and wife, alleging that the strip of land so conveyed by them to the State is needed for the work now undertaken to change and widen Highway No. 2, at that point, in accordance with plans therefor duly made; that defendants' filling station building is an obstruction to the carrying out of said Highway construction, and therefore its removal is necessary thereto; and that said defendants have failed and refused to remove said building, in accordance with their contract, and have refused to permit plaintiff to remove it.

Then follows a prayer for a writ of mandamus compelling defendants to remove said building, in compliance with their contract, stipulated in their said deed. In the alternative, plaintiff prayed for a writ of injunction restraining the defendants from preventing or interfering with the removal of said house by plaintiff, and from occupying the same during such removal or preparations incident thereto. There was a second alternative prayer for judgment against defendants for damages in the sum of $300, in the event of defendants' failure to remove the house, which sum was alleged to be the reasonable cost the State would be compelled to incur in order to clear that obstruction of the highway, if defendants should fail to remove it.

T. V. Hickey and John Arrington were also made defendants for the purpose of precluding their right of user of the premises with consent of defendants,

J. W. Chancellor, of Bowie, for appellants.

L. T. Holland, of Montague, and Donald & Donald, of Bowie, for the State.

DUNKLIN, Chief Justice.

On July 13th, 1936, J. A. White and wife, Mrs. Carrie White, executed to the State Highway Commission of Texas their deed of conveyance to a strip of land comprising 4.19 acres adjoining the west boundary line of State Highway No. 2. The property was acquired by the State Highway Commission for the purpose of widening State Highway No. 2 at that point. At the time the deed was executed the grantors owned a gas and oil filling station abutting on Highway No. 2, consisting of a building constructed of brick, concrete and lumber, located on the strip so conveyed, with a front of about 18 feet, and running back about 16 feet. The consideration recited in the deed was

White and wife, which was subject to the prior right of the State, acquired by it under the deed from White and wife.

Plaintiff's amended petition, on which trial was had, was filed October 5th, 1938, and hearing thereof was set for October 13th, 1938, at which time defendants were ordered to appear and answer it. On October 13th, defendants filed an answer, consisting of a general demurrer, special exceptions, general and special pleas, admitting their obligation expressed in the deed to the State to remove said building, but further alleging that contemporaneously with its execution, the State, through its Highway Commission and agents, orally agreed that defendants would not be required to remove their improvements until the grading of such highway had been completed from a point near Sunset, Texas, up to and near the south side of the defendants' buildings, and from the town of Bowie to a point near to the north side of such buildings, and until the State of Texas, through its Highway Commission, was ready to lay the topping on the graded highway; with further allegations that those conditions have not yet occurred and by reason of which defendants are not yet bound to remove the improvements; but are ready and willing to do so when those contingencies have happened.

The case was heard and determined on October 13th, 1938, in vacation, upon evidence heard, at which time defendants appeared in person and by attorney. At the conclusion of the hearing, judgment was rendered awarding plaintiff a writ of mandamus requiring defendants to remove said improvements from the strip of land which they had conveyed to the State by their said deed on or before October 29th, 1938, with the further decree that if they should fail so to do they would be held in contempt of court.

The judgment further decreed that in the event of defendants' failure to remove the obstruction on or before October 29th, 1938, then they would be enjoined from further using said buildings or in any manner interfering with or preventing the removal of the same by the State or its officers and agents.

With this further decree: "It is further ordered by the court that if the defendants, J. A. White and wife, Carrie White, refuse or neglect to remove such buildings and other obstructions from the land and premises herein described as herein ordered, and the State of Texas shall by and through its agents, servants and employees be forced to so remove the same, then the State of Texas shall recover of and from the said J. A. White and wife, Carrie White, jointly and severally, the sum of $300.00, which said amount the court finds from the evidence to be the reasonable expense in so removing said buildings and other property which the said J. A. White and wife, Carrie White, reserved the right to so remove, when deed to said property was executed and delivered to the State of Texas on July 13th, 1936, and all costs of this suit are here and now assessed against the defendants, all other relief being denied to the respective parties, for all of which let execution issue."

Followed by recitals of defendants' exception to the judgment and notice of appeal.

The injunction was made to apply to defendants, Hickey and Arrington, as well as to White and wife; but they have not prosecuted any appeal; the appeal here being by White and wife alone.

The record shows a final judgment on the merits and not an interlocutory decree for issuance of a writ of mandamus or injunction, returnable to a regular term of the court to be held thereafter.

Article 1915, Rev.Civ.Statutes, reads: "Judges of the district courts may in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts, as fully as in term time, and may, by consent of the parties, try any civil case, except divorce cases, without a jury and enter final judgment. All such proceedings shall be conducted under the same rules as if done in term time; and the right of appeals and writ of error shall apply as if the acts had been done in term time."

■ Appellants did not on the hearing of the case object to the trial on the ground that the court was then in vacation. On the contrary, the record shows that they consented to the trial on the merits, in that they introduced several witnesses in rebuttal of testimony of several others introduced by the State on the issues of fact in controversy after their general demurrer and denial and special exceptions to plaintiff's petition were overruled. In one of the special exceptions, the sufficiency of the petition for injunctive relief was challenged on the ground that hearing of same should be postponed and determined by a jury at a regular term of

the court. But we believe that exception cannot be construed as an objection to trial in vacation of the merits of the issues of fact on which relief was sought, since the exception followed a general demurrer to the petition as a whole, and was followed by pleas to the merits and the introduction of testimony at length pro and con, on the merits, as shown above. Therefore, the rules applicable to appeals from judgments rendered during regular terms of court must govern here. 11 Tex.Jur., par. 86, p. 816, and authorities there cited, including Seagraves v. Green, 116 Tex. 220, 288 S.W. 417; Glenn v. Milam, 114 Tex. 160, 263 S.W. 900; Pecos & N. T. Ry. Co. v. Cox, 105 Tex. 40, 143 S.W. 606; Montague County v. White, Tex.Civ.App., 250 S.W. 736; Id., Tex.Civ.App., 260 S.W. 907.

And since there was a trial on the merits and a final judgment thereon, authorities cited and relied on, holding that a preliminary temporary writ of injunction will not be granted if its effect be to determine the merits of the whole case in advance of a trial thereof in due course and at a later date, such as James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959; Hume v. Zuehl, Tex.Civ.App., 119 S.W.2d 905, and other decisions there cited, are not applicable here.

Over plaintiff's objection, the court admitted testimony of defendant, J. A. White, that immediately prior to the execution of the deed by himself and wife, plaintiff's highway officers, Woodward and Isabell, represented the State in procuring the deed, and made the parol agreement specially pleaded and noted above, and but for which he would not have executed it. And further, that he insisted that the parol agreement be inserted in the deed, which request was refused.

■ Although admitted, that testimony could not be given effect because incompetent, in that its effect would be to limit, qualify and render conditional the full title which was conveyed by the deed, with warranty of title, as held in Russell v. Russell, in opinion by Commission of Appeals, recently published in 120 S.W.2d 793. See also Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

Furthermore, the judgment rendered shows that the court did not give effect to that parol agreement.

The parol agreement so testified to by defendant, White, was the only defense offered to plaintiff's suit. In their pleadings, appellants expressly alleged that they were ready and willing to perform their contract to remove the buildings as soon as the work of the Highway Department on Highway No. 2 had progressed to the point specified in the parol agreement.

So even if the trial of the case had been before a jury, the issue of the parol agreement and the effect to be given it could not have been submitted for its determination.

Whether or not the court was vested with jurisdiction to award the writ of mandamus compelling White and wife to remove the buildings, as they had contracted to do, is not altogether free of doubt. In the absence of specific statutory authority therefor, plaintiff's right to the writ of mandamus decreed must be found in the common law.

■ "Mandamus is a common law remedy, and not an equitable one. The writ is a legal one and the proceeding to obtain it is a suit at law. But the writ is applicable alike in legal or equitable proceedings, and its issuance is largely controlled by equitable principles." 28 Tex.Jur., par. 81, p. 604.

■ "'Mandamus does not lie where the relator has another plain, effective and adequate remedy to obtain the relief sought. The writ is the offspring of necessity arising from a failure of the law to furnish a remedy commensurate with the exigencies of the case. It must be the last resort of the relator. Before mandamus will issue it must appear that the precise injury of which complaint is made cannot be relieved through the ordinary processes of redress." 28 Tex. Jur., sect. 8, p. 525.

■ "Mandatory injunction to perform according to agreement may be proper, but only when the contract duty is certain and specifically enforceable and is not adequately remediable in damages. Ordinarily, however, a mandatory injunction to perform a contract is much too drastic a remedy." 24 Tex.Jur., sect. 25, p. 42.

■ "Although the Texas courts exercise greater liberality in granting mandatory preliminary injunctions than do the courts of those states which adhere to the distinctions between law and equity, it has been said that such injunctions should be granted with great caution. Ordinarily a mandatory injunction will not be granted before final hearing, and not even then except under pressing necessity to prevent serious damage which would ensue from the withholding of the writ, or where necessary to effectuate

718

the decree. In determining whether or not this necessity exists, each case must, of course, depend upon its own circumstances.

■ "A mandatory injunction should not be granted where a prohibitory writ will suffice, or where the applicant might have obtained a writ of prohibition but neglected to do so." 24 Tex.Jur., sect. 88, p. 125.

■ "Specific performance of a contract may be enforced by means of an injunction restraining the commission of acts in violation of the contract, which is merely a negative decree of specific performance. Or it may be enforced by a mandatory injunction to compel performance, which substantially amounts to a decree or order for specific performance. The jurisdiction of equity to grant such an injunction is substantially coincident with its jurisdiction to compel performance, and ordinarily the granting of the injunction is governed by the same principles, rules and practice as apply to specific performance." 38 Tex.Jur., sect. 3, p. 643. See also 18 R.C.L., p. 131.

■ No doubt under extraordinary conditions mandamus will issue, if necessary, to protect rights of the complainant, especially the public. For instance, mandamus will issue to prevent obstruction of a public highway by a trespasser with no semblance of right or lawful excuse therefor. 21 Tex. Jur., par. 207, p. 721, and par. 199, p. 714; Quanah Acme & P. Ry. Co. v. Swearingen, Tex.Civ.App., 4 S.W.2d 136, writ of error refused, and authorities there cited. See, also, Grace v. Walker, 95 Tex. 39, 64 S.W. 930, 65 S.W. 482; Coombs v. City of Houston, Tex.Civ.App., 35 S.W.2d 1066.

■ But the decree that White and wife would be held in contempt of court and punished therefor in the event they should in the future refuse to obey the writ of mandamus, irrespective of any reasons or circumstances that may arise which would purge them of the charge of contempt; and the award of damages for cost of removal in the future, irrespective of what such expense may then be required, were violative of the constitutional guaranty of due process of law. Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253.

■ It is our conclusion that the injunction awarded against appellants was proper, and to that extent the judgment is affirmed. But other portions of the judgment awarding a writ of mandamus and adjudging appellants in contempt if they disobey it, and also the personal judgment against appel-

lants for $300, to cover costs of removal of the obstruction, are set aside and vacated; but without prejudice to the rights of the State, if any they may have in the future, to recover damages for breach of appellants' contract to remove the encumbrances after they have been removed by the State.