**UPSHUR RURAL ELECTRIC COOPERA-
TIVE CORPORATION, Appellant,**

v.

**David R. KEY, Appellee.**

**No. 8010.**

Court of Civil Appeals of Texas,
Texarkana.

June 1, 1971.

Rehearing Denied July 20, 1971.

Hollie G. McClain, Gilmer, Thomas S. Arnold, Arnold & Arnold, Texarkana, Ark., for appellant.

Bill J. Cornelius, Cornelius & Cornelius, Jefferson, for appellee.

DAVIS, Justice.

This is an appeal from an Order of the District Court of Marion County, Texas, granting a Temporary Injunction to restrain the Defendant-Appellant, Upshur Rural Electric Cooperative Corporation, hereinafter referred to as Upshur R.E.A., from using any of thirteen roads on Plaintiff-Appellee, David R. Key's, property, situated in Marion County, Texas.

The Petition for Injunction was against Upshur R.E.A., C. L. Gray, D. L. Taylor, Corky Banks, Joe Kennedy, and G & M Construction Company, Inc.

After the evidence had started being introduced, Appellee notified the Court that they were just going to take up the case insofar as it applied to Appellant, Upshur R.E.A. G & M Construction Company, Inc., had not had sufficient notice and Appellee was not seeking any relief against it. Neither did they seek a Temporary Injunction against either of the other defendants. After hearing all of the testimony against Appellant Upshur R.E.A., in which the Court ordered that Appellant, Upshur R.E.A., its agents, servants, and employees, as well as all parties acting in concert with it or such agents, servants and employees, as well as all parties having knowledge of this Writ, were restrained

and enjoined from trespassing upon or using in any way the roads belonging to the Appellee, which roads are described more particularly in the Exhibit which is attached hereto and designated "Exhibit A" and made a part hereof for all purposes.

"EXHIBIT A

"Attached hereto and made a part of Order Granting Temporary Injunction

"The following roads belong to David R. Key and are located in the E. E. Hamilton and J. G. Shoemaker Surveys of Marion County, Texas:

"*Road #1*: On State Road 134 going toward Karnack; turns off to the South to a yellow gate. Road in E. E. Hamilton Survey. Lovie Lord use to live right across the road.

"*Road #2*: Turns off to the North and goes back through the pastures all the way to the L. & A. Railroad and is about one-fourth (¼) mile past the first road; about 300 yards from Bill J. Cornelius' house, located in the J. G. Shoemaker Survey.

"*Road #3*: South from the Karnack Road just about opposite Road #2.

"*Road #4*: Turns off and goes South back into the pasture, probably 300 yards from Road #3 on the South side.

"*Road #5*: Just before reaching airport road, turn off to the North and continues through two pastures back toward the L. and A. Railroad, about 150 feet from the entrance of the airport; about 300 yards from the entrance to road #4.

"*Road #6*: Turns off to the South directly across from the airport road and goes through two pastures and continues back to Little Cypress Bayou; about 150 yards from road #5.

"*Road #7*: 400 yards from road #6, turn off to the North and goes through two pastures to Big Cypress.

"*Road #8*: Turn off to the South and continue back to Little Cypress; about 400 yards from Road #7.

"*Road #9*: Opposite road #8 going to North and going to L. & A. Railroad; continue across L. & A. Railroad back to Big Cypress Bayou.

"*Road #10*: Goes from David Key's house down Little Cypress and crosses the R.E.A. line.

"*Road #11*: Turns off Highway 59 to East and continues back to Little Cypress Bayou; about 600 yards from Sherry Inn Motel.

"*Road #12*: Turn off Highway 59 to the West and goes to T. & P. Railroad, and about 400 yards from Road #11.

"*Road #13*: Turn off from Highway #59, goes back across Southwestern Gas and Electric Company's high line to Little Cypress Bayou."

Appellant Upshur R.E.A. has perfected its appeal and brings forward two points of error. By the points, Appellant says the trial court erred in granting the Temporary Injunction because there is no evidence that Appellant, its servants, agents, and/or employees, have ever used the roads claimed by the Appellee, or that it is now threatening to use said roads, and no threat was then pending by the Appellant to use the roads.

There are two volumes of the Statement of Facts. One contains 65 pages of testimony, and one contains 44 pages. In the testimony, Appellee described the various roads which he said were "pay roads", and that he did not want Upshur R.E.A. to use either of said roads. There was testimony that was offered that Upshur R.E.A. had condemned a right-of-way across Appellee's property, and the contractor and some

of its employees, and a man hauling pulp-wood were seen traveling Road No. 7. A Temporary Restraining Order was granted against each of the parties, including Upshur R.E.A., to prevent them from using the roads, which expired.

The only road that was ever used by the contractor or its employees was Road No. 7. In going from Jefferson to Karnack, Road No. 7 leaves F–M Road No. 134 going north. This road first crosses the Connor Bros. north pasture, and is fenced on both sides of the road from F–M Road No. 134 to the L. & A. Railway track. Then it crosses the railroad track and enters upon Appellee's property. The road then goes on to Big Cypress Creek. Appellee testified that he had never seen any of Upshur R.E.A.'s employees, trucks, pick-ups, or automobiles on his land. He further testified that they were not threatening to use the property in any way, without his permission or the permission of the Court.

Mr. A. L. Elwell testified in behalf of Appellant that he had been a Right-of-Way Solicitor for 9 years. Prior to that had been employed by Upshur R.E.A. for many years. He testified, most positively, that none of Upshur R.E.A.'s employees or vehicles had ever been upon Appellee's property, that they were not threatening to do so without Appellee's permission or the permission of the Court. Mr. Elwell testified that at the time the Temporary Restraining Order was issued, the contractor was in the process of building a high line from Lake of the Pines to Smith's Landing; that the high line had already been built and, only in case of an emergency or a calamity, such as a tornado, hurricane or flood, would it be necessary for them to come upon Appellee's property. This he said they would not do without Appellee's permission or permission of the Court.

Appellee testified that some individuals owned an interest in some land near Big Cypress Creek, and they had a right to use this road without the payment of any damages whatever. He further testified that

several oil companies had built the road, and that each of them had paid him $1,200.00 for its use.

Appellee secured the issuance of a Temporary Restraining Order on January 23, 1969. This Temporary Restraining Order had expired. Corky Banks, an employee of G & M Construction Company, an independent contractor, was seen on Road No. 7 in October, 1969.

■ Before a Temporary Injunction can be granted, there must actually be a wrong, it must be proved, and a threat to continue to do such a wrong. Appellee admitted that there was no wrong being done, and no threat to continue to do a wrong. Appellee testified that C. L. Gray asked him for permission to use the road, and was told that he could not from that date forward. He did not use the road. The testimony is as follows:

"Q. All right, sir. But since that day Mr. Gray—Mr. Kennedy or Mr. Gray, they, neither one have been there from then on since January 23rd, 1969, the date of the injunction, the temporary restraining order was issued?

"A. Well, I have, of course, some few things to do besides check on where Mr. Gray was at all the time. But I didn't find him off the right of way.

"Q. As far as you know?

"A. No, sir."

■ Since there was no denial, by pleadings or otherwise, of some of the specific and controlling allegations, and since there was no evidence at the hearing in support of some of the essential allegations of said complaint, the trial court should have denied the Temporary Injunction. Crouch v. Crouch (Tex.Civ.App.1942), 164 S.W.2d 35, no writ; Houston Elec. Co. v. City of Houston (Tex.Civ.App.1919), 212 S.W. 198, writ dism'd; Boykin v. Patterson, (Tex.Civ.App.1919), 214 S.W. 611, writ dism'd; Owen v. Willis (Tex.Civ.App. 1929), 20 S.W.2d 338, writ dism'd.

In the case of Texas State Board of Medical Examiners v. McKinney, 315 S.W. 2d 387 (Tex.Civ.App.1958) N.W.H., the Court said:

"We think the general rule in Texas is to the effect that a complainant seeking injunctive relief must plead affirmatively the necessary facts and not legal conclusions. Such allegations must be direct, certain and particular and must allege a basis for equitable relief. See Rawson v. Brownsboro Ind. School Dist., Tex.Civ.App., 263 S.W.2d 578, at page 581, points 6–8, (n. r. e.)."

Since Appellee admits that there are no impending threats by Appellant to use the roads, he is not entitled to a *Temporary Injunction.* McLennan & Hill Counties Tehuacana Creek Water Control & Improvement District v. Hurst, 378 S.W. 2d 946 (Tex.Civ.App.1964) no writ; Camp v. Shannon (1961), 162 Tex. 515, 348 S.W.2d 517. Under Art. 4642, Subdivisions 1–3, Vernon's Ann.Tex.Civ.St., Appellee is not lawfully entitled to a Temporary Injunction. Under the pleadings and evidence in this case, the trial court did not have a legal right to grant the Temporary Injunction. There was no evidence to support his action. Thus, he clearly abused his sound discretion in granting the Temporary Injunction.

The trial court must refuse a Temporary Injunction where there is no clear showing that it is sought to prevent irreparable injury or damages to movant before subject matter can be heard, or that acts complained of are such as to perpetrate a fraud upon the public, Sarris v. Christie, 217 S.W.2d 99 (Tex.Civ.App. Dallas 1949) writ ref'd n. r. e. There was no showing of any damages whatever having been done to Appellee by Appellant. 31 T.J.2d 20, Sec. 53, 31 T.J.2d 121, Sec. 54.

The points are sustained.

The Judgment of the Trial Court is reversed and Judgment is here rendered denying the Temporary Injunction.