**Vincent M. WIESER, Appellant,**

v.

**W. O. MANNING et al., Appellees.**

**No. 5026.**

Court of Civil Appeals of Texas, Waco.

July 30, 1971.

Rehearing Denied Aug. 12, 1971.

Hammett, Hammett & Cavness, Lampasas, for appellant.

Andrew Campbell, Hamilton, C. O. McMillan, Stephenville, for appellees.

## OPINION

McDONALD, Chief Justice.

Appellant Wieser appeals from order denying his application for a temporary injunction to enjoin appellees Manning, Golightly and Joseph from selling, conveying, transferring, delivering shares of stock of Perry National Bank, Hamilton, Texas, that are owned, claimed, or possessed by appellees, pending final judgment on the merits of this case.

Appellant brought this suit against appellees for specific performance of a written contract in which appellees Manning and Golightly agreed to sell their stock in Perry National Bank to appellant. Appellant alleged the contract, and then alleged appellees Manning and Golightly were selling their stock to appellees Joseph in violation of the contract; prayed for temporary injunction against appellees selling, conveying, transferring, or delivering such stock in violation of appellant's contract, and prayed that on final hearing appellees stock be impressed with a trust for purpose of empowering the court to specifically enforce appellant's contract.

The trial court granted temporary restraining order, but after hearing, dissolved the temporary restraining order and denied temporary injunction.

Appellant appeals contending the trial court abused it discretion in dissolving the temporary restraining order and in denying appellant's application for temporary injunction, because the pleadings and evidence establishes as a matter of law a probable right to the injunction, and probable injury to appellant if not granted.

Appellant is a stockholder and director in the Perry National Bank. Appellee Manning is stockholder, director and President of the bank; appellee Golightly is a stockholder and director in the bank; and appellee Joseph is buying stock in the bank with a view to owning controlling interest in the bank.

On July 12, 1960 a written contract was entered into between stockholders of Perry National Bank, including appellant and appellees Manning and Golightly, pertinent portions of which follow:

"I hereby subscribe to the pooling of shares owned in Perry National Bank and will sign the formal instrument when it is ready for my signature." (Here follow 16 signatures including appellant and appellees Manning and Golightly, with the number of shares owned by each indicated).

"Inasmuch as signers to attachment own a substantial or majority of the shares of Perry Nat. Bank it is deemed mutually advantageous to enter into the following agreement.

*   *   *   *   *   *

"The total shares owned by all parties hereto, * * * are pooled as a unit.

"Neither party shall sell or convey in any manner * * * the shares of stock owned by him, or her, and constituting the subject matter of this contract, unless the unanimous consent of the remaining parties thereto in writing be first obtained * * *.

"If any party shall desire to terminate this agreement, he shall give the other parties * * * a notice in writing by registered mail, of his or her intention to withdraw, and the parties * * * to whom such notice shall be addressed shall have the exclusive option for a period of ninety days * * * in which to purchase the stock of the withdrawing party at a reasonable fair cash market value of such stock, said purchase shall be consummated within ten days * * *".

Appellee Manning testified the agreement was made and the record contains a letter from Manning to one of the signers stating the agreement was made. The witness Johnson (formerly a plaintiff in this case and a stockholder in the bank) testified Manning told him in January 1971 that he (Johnson) "was a member of a pool which had been put together at some time during the past, that whereby the members of the pool had agreed that if they ever sold any of their stock, those other members of the pool would have first opportunity to buy it".

Manning testified he considered the contract binding only for the purpose of preventing a Mr. Wren from buying control in the bank (in 1960); appellant testified the agreement was never terminated.

The record reflects Manning and Golightly have sold some of their stock to Joseph and are assisting him in purchasing stock from other stockholders to gain control of the bank; and there is a contract in evidence whereby Manning agrees to sell Joseph his remaining stock at $1000. per share, and Joseph agrees to keep Manning as President of the Bank during 1971, 1972 and 1973 at total compensation of $30,000. per year.

■ The purpose of a temporary injunction is to preserve the status quo of the subject matter on the suit pending a final trial of the case on its merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

■ To be entitled to a temporary injunction the applicant is not required to

establish that he will prevail on the final trial, but need only to plead a cause of action and show a probable right to the relief sought and probable injury in the interim. Oil Field Haulers Association, Inc., v. Railroad Commission, Tex., 381 S.W.2d 183.

██ In suits for temporary injunction the trial judge is endowed with broad discretion to grant or deny the injunction. Janus Films, Inc., v. City of Ft. Worth, 163 Tex. 616, 358 S.W.2d 589. But the failure of the trial court to apply the law to undisputed or established facts constitutes an abuse of discretion. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; City of Waco v. Marstaller, Tex.Civ.App., nwh, 271 S.W.2d 722; Costello v. Hillcrest State Bank, Tex.Civ.App., nwh, 380 S.W.2d 780.

██ Under the established facts appellant had a contract whereby he had an option to buy appellees Manning and Golightly's stock in the bank, should they desire to sell. Some of their stock has already been sold to appellee Joseph. Joseph holds a contract to buy the balance, and Manning and Golightly are assisting Joseph to buy more stock.

The only evidence is that Manning and Golightly have breached their contract. In this case appellant is entitled to have the status quo maintained pending final adjudication on the merits. Matters as control of the bank, salary of officers and dividends are at stake. Under the undisputed facts we conclude appellant is entitled to the temporary injunction.

In so holding we do not undertake to determine the case on its merits. What we here hold pertains only to the temporary injunction and is without prejudice to the rights of the parties to assert their claims and offer evidence in the trial on the merits.

Appellant's contention is sustained.

The judgment is reversed and cause remanded with instruction to grant the temporary injunction upon execution by appellant of an injunction bond in an amount to be set by the trial court.

Reversed and remanded.