W. O. MANNING et al., Petitioners,

v.

Vincent M. WIESER, Respondent.

No. B–2954.

Supreme Court of Texas.

Dec. 15, 1971.

Rehearing Denied Jan. 13, 1972.

See also Tex.Civ.App., 471 S.W.2d 154.

Andrew Campbell, Hamilton, C. O. McMillan, Stephenville, for petitioners.

Hammett, Hammett & Cavness, James V. Hammett, Jr. and James A. Builta, Lampasas, for respondent.

REAVLEY, Justice.

When the trial court refused to enjoin defendants from transferring bank stock during the pendency of the lawsuit, plaintiffs appealed. The court of civil appeals reversed and directed the trial court to issue the temporary injunction. 469 S.W.2d 805. Finding no abuse of discretion on the part of the trial court, we reverse the judgment of the court of civil appeals.

The parties are all stockholders in the Perry National Bank, Hamilton, Texas. Vincent M. Wieser contends that he, W. O. Manning, G. B. Golightly and others contracted in 1960 that none of them would sell his bank stock to anyone not a party to the contract without unanimous agreement among the contracting parties. Claiming that the contract was about to be violated by Manning and Golightly selling their stock to Tom Joseph, Wieser brought this suit to obtain specific performance (whereby he could buy defendants' stock at a "reasonable, fair cash market value") or, in the alternative, for damages. Wieser sought a temporary injunction to prevent the transfer of the stock by any of the three defendants (Manning, Golightly and Joseph). After hearing, the trial court denied the interlocutory relief.

The court of civil appeals correctly states the applicable rules of law. A temporary injunction should not be granted unless the applicant shows a probable right to permanent relief and also shows a probable injury unless the injunction is entered during the pendency of the suit. Oil Field Haulers Association v. Railroad Commission, 381 S.W.2d 183 (Tex.1964). The decision of the trial court in either granting or refusing the temporary injunction will not be reversed upon appeal unless it is determined that the trial court has been guilty of abuse of discretion or has failed to apply the law correctly to undisputed facts. Corpus Christi Bank and Trust v. Alice National Bank, 444 S.W.2d 632 (Tex.1969); Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961); Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417 (1959); General Telephone Co. of the Southwest v. City of Wellington, 156 Tex. 238, 294 S.W.2d 385 (1956); Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952); Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935).

Our difference with the court of civil appeals is in our understanding of the testimony given on the temporary injunction hearing. The court of civil appeals concluded that the applicant was entitled to the temporary injunction under the undisputed facts. It found the right of recovery by Wieser to be free of question: "The only evidence is that Manning and Golightly have breached their contract." 469 S. W.2d 808. In addition to the showing of probable right, that court regarded the proof as showing the restraint to be necessary to prevent probable injury because defendants would otherwise convey their stock to change the control of the bank. We do not believe that the record supports these conclusions.

If the testimony of W. O. Manning is accurate, no present enforceable contract

exists between these parties affecting this stock, and the trade between Manning, Golightly and Joseph violates no agreement. Manning testified that in 1960 the parties did sign or direct placement of their names below the following written statement: "I hereby subscribe to the pooling of shares owned in Perry National Bank and will sign the formal instrument when it is ready for my signature." He testified that there was no other agreement either as to terms or duration of "pooling of shares."

The court of civil appeals' opinion presents the 1960 agreement as containing a number of additional paragraphs which supply details of a pooling arrangement. These additional paragraphs come from two sheets of paper which Manning testified he obtained from a banker in another city to be used in the event a written contract was ever prepared for these stockholders. Manning testified that these two sheets were placed in the bank files but were never the subject of agreement as the terms of a contract between the parties. He explained that the reason for drawing the stockholders together to pool their shares in 1960 was to prevent W. H. Wren from buying control of the bank. This problem disappeared shortly thereafter and, according to Manning, the whole matter was ended. He testified that stock owned by the parties signing the agreement to pool has since been sold on several occasion without notice or consent of the other subscribing stockholders. The record before the trial court on the temporary injunction hearing is far from conclusive as to the existence of a contract between the parties.

The trial court announced at the close of the hearing that a decision as to the nature of the agreement between the parties would be left for determination by trial on the merits. The court explained that the temporary injunction was denied because the evidence demonstrated that the restraint was not required to prevent injury to the plaintiff. The reason for this decision was that the controlling stock in the bank had been previously transferred by Manning and Golightly to Joseph. Except for shares retained in order that they might continue to qualify as directors of the bank, both Manning and Golightly transferred their stock in the bank five days before Wieser filed this lawsuit. As of the time of the temporary injunction hearing, Joseph owned control of the bank and there is no evidence that he had any knowledge that his trade for the stock was contrary to agreements, if any, of the prior owners of his stock. The trial court recognized no need for the restraint and therefore denied the injunction and proposed that the case be set for trial on the merits at an early date. We find this action to be well within the discretion of the trial court.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

GREENHILL, J., not sitting.