Mr. and Mrs. W. L. THOMAS, Appellants,

v.

HALE COUNTY, Texas, Appellee.

No. 8618.

Court of Civil Appeals of Texas, Amarillo.

Dec. 8, 1975.

Anderson, Edwards & Warnick, J. Q. Warnick, Jr., Lubbock, for appellants.

W. Z. Fairbanks, Jr., County Atty., George A. Canon, Plainview, for appellee.

ROBINSON, Justice.

Plaintiffs, Mr. and Mrs. W. L. Thomas, seek a permanent injunction restraining the defendant, Hale County, Texas, from cutting a certain barrow ditch to a level which plaintiffs contend would divert the natural flow of runoff water so as to cause flooding of plaintiffs' land. The trial court denied plaintiffs' motion for a temporary mandatory injunction requiring Hale County to partially fill in the ditch pending final judgment. Plaintiffs appeal from the interlocutory order. Affirmed.

■ In a hearing on an application for temporary injunction, the only question before the court is the right of applicant to a preservation of the status quo of the subject matter of the suit pending final litigation. The status quo to be preserved is the last, actual, peaceable, noncontested status which precedes the pending controversy. Applicant is not required to show that he will prevail in the litigation. He need only show a probable right and a probable injury. *Transport Company of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 552, 553 (1953). The probable injury must be eminently threatened and may not be speculative or conjectural. *Kostoff v. Harris,* 266 S.W.2d 204, 206 (Tex. Civ.App.—Dallas 1954, writ ref'd n. r. e). Where the pleadings and the evidence show a probable right and a probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. *Transport Company of Texas v. Robertson Transports, Inc.,* supra. But, where there is no evidence of probable injury, it is an abuse of discretion for the trial court to grant a temporary injunction. *Upshur Rural Electric Cooperative Corp. v. Key,* 469 S.W.2d 420 (Tex.Civ.App.—Texarkana 1971, no writ).

The court in the case of *White v. State,* 122 S.W.2d 714, 717 (Tex.Civ.App.—Fort Worth 1938, no writ), quoting from 24 Tex. Jur. § 88, p. 125, stated the standard for the granting of preliminary mandatory injunctions as follows:

Although the Texas courts exercise greater liberality in granting mandatory preliminary injunctions than do the courts of those states which adhere to the

distinctions between law and equity, it has been said that such injunctions should be granted with great caution. Ordinarily a mandatory injunction will not be granted before final hearing, and not even then except under pressing necessity to prevent serious damage which would ensue from the withholding of the writ, or where necessary to effectuate the decree. In determining whether or not this necessity exists, each case must, of course, depend upon its own circumstances.

Appellants brought this action under V.T. C.A. Water Code § 5.086. Said statute reads as follows:

(a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.

(b) A person whose property is injured by an overflow of water caused by an unlawful diversion or impounding has remedies at law and in equity and may recover damages occasioned by the overflow.

Section 1.002 of the Water Code provides that the construction of the provisions of the Code is to be done in accordance with Article 5429b–2 (Supp.1975), V.A.C.S., which is the Code Construction Act of Texas. Section 1.04 of the Code Construction Act defines "person" so as to include government or governmental subdivision or agency.

The testimony showed that water from a north-south paved road to the east of the Thomas place would flow west along the county road in question only a short distance before it encountered a little hill. The barrow ditch in question, running along the north side of the county road, was cut through this little hill to permit the water to continue in a westerly flow to a playa lake across from the Thomas land. Neither the ditch in question nor the playa lake are on the Thomas land. If the ditches were partially filled with dirt, the flow of water would be changed back to its natural flow to the south. The ditches were first cut to the challenged depth some time in the 1950's. Thereafter, there was a big rain which Thomas testified caused the water to run in the ditch to the playa lake and to overflow onto the Thomas land damaging 12 or 15 acres. The time of that heavy rain in the late 1950's was the only occasion when the Thomas land was flooded. The ditches off and on would fill and be opened by the county. On April 25, 1975, in the course of maintaining the dirt road, the county cut the ditch in the depth of which plaintiffs complain. Thomas was unable to say whether this depth was greater than it had been in the past.

We have considered the entire record and, although the evidence shows a diversion of water from its natural course by the county, it does not show more than a minimal probability of injury pending final determination of the case. We conclude that the trial judge did not abuse his discretion in denying the requested mandatory temporary injunction.

The judgment of the trial court is affirmed.