Henry M. BRADFORD, Appellant,

v.

Richard COLE and wife, Janice Cole, Appellees.

No. 8566.

Court of Civil Appeals of Texas, Texarkana.

Nov. 22, 1977.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellant.

Joe W. Lovelace, Lovelace & Thompson, Inc., Linden, for appellees.

ODEN, Justice.

Appellant, Henry M. Bradford, filed suit against appellees, Richard Cole and wife, Janice Cole, for specific performance of an alleged contract to convey the assets of a business known as the Magnolia Manor Nursing Home.  Appellees own and operate the Magnolia Manor Nursing Home.  At the time of submission, appellant was the administrator of the nursing home and, as such, in the employ of appellees.  During

litigation, appellees advised appellant of their intent to terminate the employment relationship whereupon appellant requested the trial court to enter a temporary injunction enjoining appellees from discharging appellant as administrator of the Magnolia Manor Nursing Home during the pendency of the suit for specific performance. The trial court refused to grant the temporary injunction and the appeal is perfected from the interlocutory order denying the application.

The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a final trial of the case on its merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517 (1961). A temporary injunction should not be granted unless the applicant shows a probable right to permanent relief and also shows a probable injury unless the injunction is entered during the pendency of the suit. *Oil Field Haulers Ass'n. v. Railroad Commission,* 381 S.W.2d 183 (Tex.1964); *Manning v. Wieser,* 474 S.W.2d 448 (Tex. 1972). The decision of the trial court in either granting or refusing the temporary injunction will not be reversed upon appeal unless it is determined that the trial court has been guilty of abuse of discretion or has failed to apply the law correctly to undisputed facts. *Manning v. Wieser,* supra, and cases cited therein.

The only evidence in the record relevant to probable injury unless the injunction was entered during the pendency of the suit came from appellant's testimony and is as follows:

"Q. Now, Mr. Bradford, I didn't ask you while you were on the stand about what effect it might have if the Court did not grant the temporary restraining injunction so that you could remain in the nursing home and take care of it. Do you feel like in all probability that the next man coming in might let the nursing home run down so it would be injurious to you? Would you explain to the Court why you think that you need to stay on?

"A. Yes, sir. I came to the nursing home and I have improved the nursing home to my own personal interest and my own eagerness to increase it to the point where I could get it financed and own it. It was many hours hard work and personal approach in the community. I have almost doubled the number of patients in the nursing home from thirty to close to the capacity amount of sixty. If I were removed it is *possible* that the new administrator would not give the same interest and desire to increase the nursing home that I have. If that were the case it would be detrimental to my interest and to the interest of the nursing home.

"Q. Do you feel like it could be that if the new administrator did not properly care for it that it would decrease the value and be a detriment to you financially in purchasing the nursing home?

"A. That is totally *possible.*" (Emphasis supplied.)

Appellant had the burden of offering some evidence which, under applicable rules of law, established a probable right and a probable injury. *Camp v. Shannon,* supra. The probable injury must be eminently threatened and may not be speculative or conjectural. *Thomas v. Hale County,* 531 S.W.2d 213 (Tex.Civ.App. Amarillo 1975, no writ); *Kostoff v. Harris,* 266 S.W.2d 204 (Tex.Civ.App. Dallas 1954, writ ref'd n. r. e.). Appellant's testimony as outlined herein clearly demonstrates that the nature and extent of any potential injury he might receive unless the injunction was entered during the pendency of the suit is speculative and based on conjecture. Such testimony is no evidence of probable injury and it would have been an abuse of discretion for the trial court to have granted the temporary injunction. *Thomas v. Hale County,* supra; *Upshur Rural Electric Cooperative Corp. v. Key,* 469 S.W.2d 420 (Tex.Civ.App. Texarkana 1971, no writ).

**124**

It will not be necessary for us to determine whether or not appellant offered evidence which, under applicable rules of law, established a probable right of recovery in view of our holding that he failed to support his allegation of probable injury.

The judgment of the trial court is affirmed.

CORNELIUS, C. J., not participating.