**TEPHGUARD CORP. and Jack F. Harmon, Appellants,**

v.

**GREAT NORTH AMERICAN INDUSTRIES, INC., and Products On The Move, Inc., Appellees.**

**No. 19682.**

Court of Civil Appeals of Texas, Dallas.

Sept. 6, 1978.

Jay S. Fichtner, Toby L. Gerber, Berman, Fichtner & Mitchell, Dallas, for appellants.

Marshal W. Dooley, Herndon, Girand & Dooley, Dallas, for appellees.

ROBERTSON, Justice.

This is an appeal from a temporary injunction, enjoining appellants, Tephguard Corporation and Jack F. Harmon, from using the tradename "Tephguard" or other names similarly spelled or pronounced on any product not manufactured by appellees, Great North American Industries, Inc. and Products On The Move, Inc., or to use such name on any advertising media for the sale of any product not manufactured by appellees. Intertec Marketing Company (Tephguard's predecessor in interest) entered into an agreement with Great North American Industries assigning to Intertec the use of the tradename "Tephguard." At the same time, Intertec contracted with Products On The Move to purchase an oil additive that was being sold under the name "Tephguard." Tephguard later began selling a new oil additive not produced by Products On The Move under the Tephguard name. Appellees obtained a temporary injunction preventing Tephguard from using the name "Tephguard" on any product not manufactured by them. We hold that appellees have failed to show that any immediate and irreparable harm to the value of the tradename "Tephguard" is threatened by the actions of the appellants. Therefore, we dissolve the injunction.

■ To establish a right to the issuance of a temporary injunction, the applicant must show immediate and irreparable injury, the absence of an adequate legal remedy, and a probable right to recovery. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953); *Charter Medical Corp. v. Miller*, 554 S.W.2d 220 (Tex.Civ.App.—Dallas 1977, writ ref'd

n.r.e.); *Town Plaza Fabrics, Inc. v. Monumental Properties of Texas, Inc.*, 544 S.W.2d 775 (Tex.Civ.App.—Dallas, 1976, no writ). Appellees' assertion that irreparable harm to the tradename "Tephguard" would result from the continued use of the name by appellant in the sale of a product not produced by appellees, is not supported by the evidence. No showing was made that the product being produced by Tephguard was inferior to that produced by appellees or that Tephguard's product has damaged appellees' tradename. Thus, appellees have failed to demonstrate that the value of the tradename "Tephguard" has been irreparably injured by appellants' use of it on their product. Absent such a showing, the circumstances do not indicate that denial of a temporary injunction will probably cause immediate and irreparable harm. In view of this holding, it is not necessary for us to address appellants' other points or appellees' cross-point. Consequently, we decline to make any rulings on questions that the trial court should determine at trial on the merits.

■ Finally, as we have observed in *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex.Civ.App.—Dallas 1977, no writ) and *Crawford Energy, Inc. v. Texas Industries, Inc.*, 541 S.W.2d 463, 468 (Tex.Civ. App.—Dallas 1976, no writ), this appeal, like many other temporary injunction appeals, appears to be entirely unnecessary. We recognize that in this case appellant was prompted to appeal by a temporary injunction that seriously interfered with its business. Appellees, however, could have obviated the appeal by cooperating with appellant's discovery efforts and pressing for a trial on the merits on the first date set by the trial court, which was earlier than the date of oral argument here. We see no justification for an appeal concerning the preservation of the status quo pending a trial that could have been completed in less time and with less effort than required for the appeal.

Accordingly, the judgment of the trial court is reversed and the temporary injunction dissolved.