Burton GILLILAND and Wesley Gilliland d/b/a the Weston Company, Appellants,

v.

MANHATTAN LAUNDRY AND DRY CLEANING CO., INC., Appellee.

No. 19974.

Court of Civil Appeals of Texas, Dallas.

June 4, 1979.

Gary Gilliland, William C. Odeneal, Jr., Odeneal & Odeneal, Dallas, for appellants.

George McElreath, Marvin G. Shwiff, Shwiff, Caraway & Emerson, Dallas, for appellee.

Before AKIN, ROBERTSON and CAR-VER, JJ.

ROBERTSON, Justice.

This is an appeal from a temporary injunction enjoining appellants/landlords, Burton Gilliland and Wesley Gilliland d/b/a The Weston Company, from evicting appellee/tenant, Manhattan Laundry and Dry Cleaning Co., Inc., from a building appellee leases from appellants. The trial court in granting the temporary injunction found that appellee would suffer irreparable harm if forced to vacate and that it lacked an adequate remedy at law. We hold that the trial court did not abuse its discretion in granting this temporary injunction and, accordingly, we affirm.

Appellee is the assignee of a lease on the premises of 3101 Knox Street in Dallas, Texas. A dispute arose shortly after the assignment of the lease and appellants brought a forcible entry and detainer action in the justice court. The justice of the peace granted a judgment for appellants and appellee appealed to the county court. That appeal resulted in a take-nothing judgment against appellants. Appellee then tendered the January rent by mail on January 9, 1979. Appellant received this on January 11, but refused to accept it, claiming that it was due on January 10. Appellee has continued to tender the rental, and appellant has refused to accept these payments. Appellee then brought this suit to enjoin appellant from taking any action forcing it to surrender the premises and also sought declaratory relief regarding the validity of the lease.

Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). The issuance of a temporary injunction is not an abuse of discretion if the evidence tends to sustain the cause of action as alleged. *Oil Field Haulers Assoc. v. Railroad Commission*, 381 S.W.2d 183 (Tex.1964).

Appellant has the burden to show that the trial court clearly abused its discretion. This he has failed to do. Appellee's president testified that a lease existed between the parties, a copy of which was admitted into evidence, and that he had fully complied with its terms. He also tes-

tified that if he were forced to vacate, his business would be disrupted, he would suffer a loss of profits and that this loss could not be adequately forecast. Thus, evidence exists to support appellee's claims of a probable right and a probable injury. Although testimony and evidence were presented in rebuttal, we cannot substitute our judgment for that of the trial court.

Finally, we note that pursuant to our local rules this case was advanced on our docket. Two days before submission, the parties filed an agreed motion for an extension of time in which to file briefs and to delay submission. We denied this motion since the very purpose for allowing appeals of temporary injunctions is to grant relief, if warranted, as soon as possible to the aggrieved party. Had we granted this motion a vacancy would have occurred in our docket which could not have been filled thereby slowing the judicial process. Furthermore, appellants' counsel has advised us that no hearing on the merits in the trial court has been requested or obtained. As we have observed in *Tephguard Corp. v. Great North American Industries, Inc.,* 571 S.W.2d 554 (Tex.Civ.App.—Dallas 1978, no writ) and *Charter Medical Corp. v. Miller,* 547 S.W.2d 77 (Tex.Civ.App.—Dallas 1977, no writ), this appeal appears to delay rather than to dispatch the legal business of the courts. Presumably, the trial judge would have given this case a preferred setting for trial on the merits at the request of either party. As we stated in *Charter Medical*:

> We see no reason why the case could not have been prosecuted to final judgment in less time than that required by this interlocutory appeal which decides nothing except whether the status quo should be preserved pending trial on the merits. The most expeditious way of obviating the hardship of an unfavorable preliminary order is to try the case and thus secure a hearing in which both facts and law may be fully developed and then both trial and appellate courts can render judgment finally disposing of the controversy. 547 S.W.2d at 79.

Affirmed.