ARKANSAS LOUISIANA GAS
COMPANY, Appellant,

v.

Harris R. FENDER, Appellee.

No. 1340.

Court of Civil Appeals of Texas,
Tyler.

Dec. 27, 1979.

Tom Bankhead, Bankhead & Davis, Carthage, for appellant.

LeRoy LaSalle, LaSalle & Underwood, Carthage, for appellee.

McKAY, Justice.

This is an appeal from the issuance of a temporary injunction. Appellee, Harris R. Fender, owns an 80 acre tract of land in Panola County, Texas on which he grows timber for sale. Appellant, Arkansas Louisiana Gas Company, holds an oil and gas lease on the land, has drilled a gas well, and intends to construct a gas line to connect the gas well to a pipeline system. Appellee has conceded that appellant has the right to use a "reasonable and necessary" strip of land to construct the pipeline.

Appellee filed an original petition for injunction which sought to restrain appellant from (1) cutting timber on a right-of-way in excess of 20 feet in width; (2) pushing any

timber off the 20 foot right-of-way; and (3) using more area than is reasonably necessary for the construction of the proposed pipeline. Subsequently, appellee filed an amended petition which alleged that a reasonable and necessary right-of-way would be 30 feet in width. The trial court granted a temporary restraining order based on appellee's amended petition. In the hearing for the temporary injunction, appellant presented testimony that a 40 foot right-of-way was a reasonable and necessary width for construction of the pipeline. In its judgment granting the temporary injunction, the trial court enjoined the appellant from cutting and removing timber from appellee's land outside the 40 foot right-of-way and from pushing trees or tops off the right-of-way onto the remaining property. Appellant appealed bringing four points of error. Because we have concluded that appellant's third point of error is dispositive of this appeal, we will consider it first.

Under its third point of error, appellant contends that the trial court erred in granting a temporary injunction which enjoined acts that appellant had no intention of committing. We agree.

To establish a right to the issuance of a temporary injunction, the applicant must show immediate and irreparable injury, the absence of an adequate legal remedy, and a probable right to recovery. *Tephguard Corp. v. Great North American Industries, Inc.*, 571 S.W.2d 554, 555 (Tex. Civ.App.—Dallas 1978, no writ); *Charter Medical Corp. v. Miller*, 554 S.W.2d 220, 222 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r. e.). The probable injury must be eminently threatened and may not be speculative or conjectural. *Thomas v. Hale County*, 531 S.W.2d 213, 214 (Tex.Civ.App.—Amarillo 1975, no writ); *Kostoff v. Harris*, 266 S.W.2d 204, 206 (Tex.Civ.App.—Dallas 1954, writ ref'd n.r.e.). An injunction will not issue upon mere fear, apprehension, or possibility of injury. *Calvary Baptist Church at Tyler v. Adams*, 570 S.W.2d 469, 473 (Tex.Civ.App.—Tyler 1978, no writ); *Thomas v. Bunch*, 41 S.W.2d 359, 362 (Tex.Civ. App.—Fort Worth 1931), aff'd 121 Tex. 225, 49 S.W.2d 421 (Tex.1932). The decision of the trial court in either granting or refusing the temporary injunction will not be disturbed on appeal unless it appears that the trial court has abused its discretion or has failed to apply the law correctly to undisputed facts. *Bradford v. Cole*, 559 S.W.2d 122, 123 (Tex.Civ.App.—Texarkana 1977, no writ); *Manning v. Wieser*, 474 S.W.2d 448, 449 (Tex.1971); *Kostoff v. Harris*, supra at 206. Under the facts in this case it is our view that appellee was not entitled to a temporary injunction as a matter of law.

We have carefully examined the record and have found no evidence of probable injury to appellee's timber if the injunction is not granted. In an attempt to show probable injury, appellee has merely offered unfounded allegations. Appellee's original amended petition alleged that appellant threatened to use heavy machinery to push timber off the proposed right-of-way. In his brief appellee further alleged that appellant will hire a contractor who will use a large bulldozer to tear a right-of-way through appellee's timber; that such contractors "are generally in a hurry to get their work done and have little regard for the rights of landowners on whose property they are working;" and that "it is certainly customary in the pipeline construction business for a contractor to ignore verbal agreements or instructions in clearing right-of-ways for laying pipelines." No testimony was offered by appellee or his witnesses that any threats that timber would be destroyed off the right-of-way had been made, or that trees or tops would be pushed off the right-of-way onto the adjacent land, or that appellee would suffer injury in any way if the injunction was not granted. Appellant's witnesses testified that a 40 foot right-of-way was reasonable and necessary to construct the pipeline; that they never threatened to push any timber off the right-of-way, and that the stumps, tops, and limbs which were to be cleared from the right-of-way would be either burned or buried. In our view the injury to which appellee alludes is merely speculative, conjectural, and without any factual basis. Fur-

ther, the record is devoid of any indication that appellant had any intention of committing those acts set forth in the temporary injunction. We conclude, therefore, that the injunction was improvidently granted. See *Luccous v. J. C. Kinley Co.*, 376 S.W.2d 336, 341 (Tex.1964); *Davis v. Upshur County*, 191 S.W.2d 524 (Tex.Civ.App.—Texarkana 1945, no writ).

In view of our disposition of the proceeding point of error, we find it unnecessary to address appellant's remaining points of error. The judgment of the trial court is reversed and the injunction is dissolved.

SUMMERS, C. J., not sitting.