**CHEVRON U.S.A. INC., as SACROC Unit Operator, Appellant,**

v.

**Richard Lee STOKER et al., Appellees.**

**No. 11–83–256–CV.**

Court of Appeals of Texas, Eastland.

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

Michael Paul Graham, Baker & Botts, Houston, Gene L. Dulaney, Snyder, for appellant.

Roy L. Bell, Roger Jatko, Odessa, for appellees.

RALEIGH BROWN, Justice.

This is an appeal from the granting of a temporary injunction. Richard Lee Stoker, Rhylene Stoker, Lester O. Moore and Martha E. Moore sought an injunction against Chevron U.S.A. Inc., to restrain Chevron from discontinuing delivery of free gas. Chevron is the operator of the SACROC Unit, a unitized oil field in Scurry County.

Appellees are lessors or successors in interest to lessors under two of the oil and gas leases unitized as part of the SACROC Unit.

Gas produced from the SACROC Unit is processed to remove dangerous quantities of carbon dioxide, hydrogen sulfide and liquid hydrocarbons, and returned to residue lines carrying gas back to the oil field for operations. For many years appellees have been using surplus gas from the residue lines for domestic purposes. Due to the secondary recovery methods appellant now uses, the quantities of carbon dioxide and hydrogen sulfide have greatly increased. SACROC notified leaseholders in March 1980 that it expected concentrations of contaminants to continue increasing and urged them to begin to convert to some other energy source. The record reflects, undisputed by appellees, that the concentrations of contaminants are now at unsafe levels, creating the danger that appellees could receive unsuitable gas with a serious risk of explosion or death by inhalation. After investigating the gas residue system, SACROC concluded there was not a feasible method to make the field residue system safe for domestic gas users. Testimony reflects that SACROC's concern as to the safety of the residue gas for domestic use caused it to discontinue at that time using the residue gas for its own energy needs inside buildings, and to convert to electricity. SACROC also notified domestic users on August 1, 1983, of its intention to withdraw permission allowing leaseholders to connect to the residue lines on October 1, 1983. Appellees obtained an ex parte temporary restraining order restraining appellant from terminating appellees' supply of free gas and later obtained a temporary injunction from which appellant makes this accelerated appeal pursuant to TEX.R. CIV.P. 385. We reverse.

Appellant contends in its first four points of error that the trial court abused its discretion in issuing the temporary injunction because appellees failed to establish a probable right to recovery, *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517 (1961); an immediate and irreparable injury, *Zmo-* *tony v. Phillips*, 529 S.W.2d 760 (Tex. 1975); the absence of an adequate remedy at law, *Bagley v. Higginbotham*, 353 S.W.2d 868 (Tex.Civ.App.—Beaumont 1962, writ ref'd n.r.e.); *Tephguard Corp. v. Great North American Industries, Inc.*, 571 S.W.2d 554 (Tex.Civ.App.—Dallas 1978, no writ); and because the temporary injunction is adverse to the public interest.

Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Brooks v. Expo Chemical Company, Inc.*, 576 S.W.2d 369 (Tex.1979). As stated in *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978):

At a hearing upon the request for a temporary injunction the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217 (1956). On appeal the reviewing court is limited in its consideration as to whether the trial court abused its discretion in making the foregoing determination. The appellate court may not substitute its judgment for that of the trial court. *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952).

The trial court abuses its discretion when the law is misapplied to established facts, or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. *State v. Southwestern Bell Telephone Company*, 526 S.W.2d 526 (Tex.1975).

The basis of this suit is the determination of appellees' contractual rights, if any, to take gas from the residue lines. Appellees base their claim to continued use of a free gas supply upon the subject oil and gas leases covering their property, which provide in pertinent part:

Lessor shall have the privilege at his risk and expense of using gas *from any gas well on said land* for stoves and inside lights in the principal dwelling thereon out of any surplus gas not needed for operations hereunder. (Emphasis added)

The leases were modified by subsequent agreements signed by appellees. In consideration for signing the subsequent agreements, appellees were allowed to connect to the residue gas line in order to receive cleaned gas at a more convenient location, rather than the use of gas from gas wells, if any, located on their own property, as provided for under the leases. The agreements provide in pertinent part:

5. While it is expressly agreed that [SACROC] has no responsibility or duty to inspect said connection, line or facilities, [SACROC] *reserves the right, in the event it believes said connection, line or facilities are in any way unsafe* or improper or should no longer be maintained, *to immediately remove said connection and withdraw permission to use said gas.* (Emphasis added)

The subsequent agreements allow Chevron to withdraw permission to use the residue gas. Chevron has chosen to exercise that right based upon the undisputed evidence of unsafe connections, lines or facilities. Appellees have shown no other right to the use of the residue gas under the leases as modified. Appellees have, therefore, failed to establish a probable right of recovery.

■ Moreover, appellees failed to establish an inadequate legal remedy or that they will suffer irreparable injury. Irreparable injury is "an injury of such nature that the injured party cannot be adequately compensated therefor in damages, or that the damages which result therefrom cannot be measured by any certain pecuniary standard." *McGonagill v. Hide-A-Way Lake Club, Inc.*, 566 S.W.2d 371, 375 (Tex.Civ. App.—Tyler 1978, no writ); 6 Texas Practice (Lowe) Sec. 114 (2d ed. 1973). Contractual rights are not enforced by writs of injunction absent exceptional circumstances, since an inadequate remedy at law and irreparable injury are rarely shown when a suit for damages for breach of contract is available. *C.H. Leavell & Company v. Leavell Company*, 570 S.W.2d 404 (Tex. Civ.App.—El Paso 1978, no writ); *Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc.*, 388 S.W.2d 204 (Tex.Civ.App.— Eastland 1965, no writ). Appellees have not alleged, nor is there any showing, of exceptional circumstances such as that Chevron is insolvent and may be unable to respond in damages if liability for breach of contract is established at trial on the merits. Thus, appellees have an adequate legal remedy. They may sue SACROC for breach of contract. If liability is established damages can be measured by a certain pecuniary standard: the total of appellees' electric, propane and/or natural gas bills for the period beginning when residue gas deliveries are discontinued by Chevron and ending when surplus gas is no longer produced from the SACROC unit.

■ Finally, the temporary injunction is adverse to the public interest. The safety of lives and property of Scurry County citizens is an overriding public interest. We note that the federal standard in regard to injunctions includes consideration as to whether granting the injunction is adverse to the public interest. See *Hardin v. Houston Chronicle Publishing Co.*, 572 F.2d 1106 (5th Cir.1978). The undisputed record shows a clear danger of explosion or death by inhalation of poisonous contaminants in the residue gas should appellees receive the unsafe gas. The undisputed testimony reflects that the unsafe gas enters the field residue system at times during the year.

We hold that the trial court abused its discretion in granting the temporary injunction and accordingly sustain appellant's first four points of error.

Our holding on these points makes consideration of the fifth point of error as to the amount of the bond unnecessary.

The trial court's order granting the temporary injunction is reversed, and the temporary injunction is dissolved.

McCLOUD, C.J., not participating.