**CANTEEN CORPORATION, d/b/a Gulliver's, Appellant,**

v.

**REPUBLIC OF TEXAS PROPERTIES, INC., Appellee.**

No. 05–88–01397–CV.

Court of Appeals of Texas, Dallas.

June 8, 1989.

---

Larry F. Amerine, Susan Johnson Foster, Dallas, for appellant.

Michael E. Mears, Dallas, for appellee.

Before McCLUNG, ROWE and BURNETT, JJ.

BURNETT, Justice.

Canteen Corporation, doing business as Gulliver's, appeals an adverse judgment rendered in favor of Republic of Texas Properties, Inc. which 1) enjoined Canteen from maintaining a vending machine operation and 2) ordered Canteen to reopen and operate Gulliver's restaurant in accordance with the lease agreement between Canteen and Republic. In three points of error, Canteen asserts that 1) the temporary injunctive relief is void ab initio 2) the finding that Canteen breached the lease was in error and 3) the mandatory injunction was granted in error. Although we disagree with points of error one and two, we agree with Canteen's third point of error and for the reasons discussed herein, affirm the judgment of the trial court as to the prohibitory portion of the injunction and reform the judgment to eliminate the portion which decrees specific performance.

In February, 1985, Canteen, as lessee, and Republic as lessor, entered into a commercial lease agreement for the lease of space in RepublicBank Plano Tower. The lease agreement provided in part that "lessee warrants and represents to lessor that the leased premises shall be used and occupied only for the purpose of a restaurant." Approximately three years later, Canteen ceased to operate Gulliver's as a delicatessen style restaurant and installed vending machines. These machines served hot and cold beverages and food.

The trial court found that Canteen's vending machine operation did not constitute the operation of the restaurant and, therefore, was a violation of the lease agreement. The trial court rendered judgment in favor of Republic and granted Republic's request for injunctive relief. Specifically, the trial court enjoined Canteen from maintaining a vending machine operation in the leased premises and ordered

Canteen to reopen a restaurant in accordance with the lease agreement and in accordance with the Gulliver's concept as utilized by Canteen at other locations in the Dallas area.

In its first point of error, Canteen maintains that the temporary injunctive relief granted by the trial court is void ab initio. A review of the record reveals that although Republic requested a temporary injunction in its original petition, the injunction which issued was not a temporary injunction. Instead, it was a permanent injunction entered after a trial before the court. Thus, the defects urged by Canteen such as lack of a bond, failure to set a trial date, and failure to state a reason for the temporary injunction are not fatal to the injunction which was granted by the trial court. Canteen's first point of error is overruled.

In its second point of error, Canteen asserts that the trial court erroneously found that the installation of the vending machines did not constitute the operation of a restaurant and, thus, was a breach of the lease agreement. In paragraph 5, the lease provides as follows:

> Lessee warrants and represents to lessor that the leased premises shall be used and occupied only for the purpose of restaurant use ...

The lease at paragraph 5(b) continues:

> Lessee shall not at any time leave the leased premises vacant, but shall in good faith continuously throughout the term of this lease conduct and carry on in the entire leased premises the type of business for which the leased premises are leased. Lessee shall operate its business in an efficient, high class and reputable manner so as to produce the maximum amount of sales from the leased premises, and shall, except during reasonable periods for repairing, cleaning and decorating, keep the leased premises open to the public for business with adequate personnel in attendance on all days and during all hours established by lessor from time to time as store hours for the building, and during any other hours when the building is generally open to the public for business ...

The lease at paragraph 5(c) continues:

> Lessee understands that normal operating hours for this building are expected to be Monday through Friday, 7:30 a.m. to 6:30 p.m.; Saturday, 8:00 a.m. to 1:00 p.m. ...

The lease at paragraph 5(e) continues:

> Lessee shall not ... do anything which would tend to injure the reputation of the premises.

Finally, the lease at paragraph 5(f) provides:

> Exclusivity clause: Canteen Corporation shall have the exclusive right to provide manual food service in the building with exception of a white tablecloth restaurant on the premises. Lessee reserves the first right of refusal to install and maintain public vending machines at a location to be agreed upon in the future.

■ Under general contract principles, the primary concern of the courts is to give effect to the intentions of the parties as expressed in the instruments. *Ideal Lease Service, Inc. v. Amoco Production Co.,* 662 S.W.2d 951, 952–53 (Tex.1984). In the face of unambiguous provisions, the court must give effect to the contract as written. *Id.; Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 728 (Tex.1981).

■ It is clear from a reading of the contract that the restaurant contemplated by the parties was not an open access, unstaffed vending machine operation as was installed by Canteen. In fact, paragraph 5(f) refers to vending machines as a separate type of operation than that contemplated by the parties. Thus, the trial judge properly found that the vending machines were not a restaurant and that the installation of the machines was a breach of the lease. Canteen's second point of error is overruled.

■ Canteen maintains, in its third point of error, that the trial court improperly granted the mandatory injunction. the injunction of the trial court consists of two parts: (1) a portion which prohibits Canteen from operating the vending machines

in the lease space; and (2) a portion which orders Canteen to operate a restaurant in the leased premises in accordance with the Gulliver's concept. It is well established that a court of equity will only order specific performance when present performance is possible. A court will generally not decree a party to perform a continuous series of acts which extend through a long period of time and require constant supervision by the court. *Texas & Pacific Ry. Co. v. City of Marshall,* 136 U.S. 385, 390–91, 10 S.Ct. 846, 847, 34 L.Ed. 385 (1890); *American Housing Resources, Inc. v. Slaughter,* 597 S.W.2d 13, 15 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *United Coin Meter Co., Inc. v. Johnson–Campbell Lumber Co.,* 493 S.W.2d 882, 888 (Tex.Civ.App.1973); 81 C.J.S. *Specific Performance* § 75 (1977). Instead, the parties are left to their remedies at law unless the interest of the public is involved. *Beckham v. Munger Oil & Cotton Co.,* 185 S.W. 991, 992 (Tex.Civ. App.—Dallas 1916, no writ); *See Nueces Valley Townsite Co. v. San Antonio, Uvalde & Gulf R.R. Co.,* 67 S.W.2d 215, 220–221 (Tex.1933).

■ In the instant case, the trial court ordered Canteen to open and operate a restaurant in the style of the Gulliver's restaurants operated in the Dallas area. This is not capable of present performance. Neither is the operation of a delicatessen restaurant a matter of public interest which justifies deviation from the general rule against ordering ongoing activities. The portion of the injunction which orders the operation of a Gulliver's is improper. Accordingly, we sustain Canteen's third point of error.

■ Generally, contractual rights are not enforced by writs of injunction, since inadequate remedy at law and irreparable injury are rarely shown when a suit for damages for breach of contract is available. *Chevron U.S.A., Inc. v. Stoker,* 666 S.W.2d 379, 382 (Tex.App.—Eastland 1984, writ dism'd w.o.j.). "Irreparable injury" is stated to be "an injury of such nature that the injured party cannot be adequately compensated therefore in damages, or that the damages which result therefrom cannot

be measured by any certain pecuniary standard." *Id.; see Minexa Arizona, Inc. v. Staubach,* 667 S.W.2d 563, 567 (Tex.App.— Dallas 1984, no writ).

■ In the instant case, Republic presented evidence that tenants were complaining about the vending machines and that some prospective tenants did not lease space in the building in part because there was no restaurant. Additionally, Republic demonstrated that there was no way to prove how many prospective tenants had not approached Republic about leasing and had not leased in the building because there was no restaurant. Thus, Republic demonstrated an inability to compute damages. The injunction is proper as far as enjoining Canteen's vending machine operation.

However, the injunction also commands Canteen to reopen and operate a Gulliver's-type restaurant in the nature of a decree of specific performance. "Whether a court will grant an injunction the effect of which is to compel the specific performance of a contract, depends, of course, upon the same principles as govern a decree of specific performance." *Beckham v. Munger Oil & Cotton Co.,* 185 S.W. 991, 992 (Tex.Civ. App.—Dallas 1916, no writ).

The judgment of the trial court is AFFIRMED in part and REVERSED in part.