Opinion issued April 15, 2010.



In The

Court of Appeals

For The

First District of Texas

 

———————————

 

NO. 01-07-01105-CV

 

———————————

 

Richard Pickard, Appellant

 

V.

 

LJH Enterprises,
Inc., Appellee



 



 

On Appeal from the 151st District Court 

Harris County, Texas



Trial
Court Case No. 2003-30506

 



 

MEMORANDUM
OPINION

 

          Appellant,
Richard Pickard, brings this appeal seeking to modify the trial court’s
judgment granting him the relief of specific performance.  Pickard sued appellee, LJH Enterprises, Inc.,
seeking damages and specific performance for LJH’s breach of a contract to sell
Pickard an apartment complex.  After a
jury trial, the trial court rendered judgment in favor of Pickard for
$79,511.38 for breach of contract, specific performance of the parties’
contract, attorney’s fees for trial and appeal, and post-judgment
interest.  In two issues on appeal,
Pickard contends the final judgment ordering the equitable remedy of specific
performance is inadequate to achieve equity in this case.  Specifically, Pickard asserts the judgment
should provide for a management company to take control of the apartment
complex to bring the property up to a condition similar to the condition it was
in at the time of LJH’s breach and that the contract should be “updated” to
take into account the changes in the condition of the property and changed
financial situation since the time of the breach.  In two issues on cross-appeal, LJH contends
that the trial court erred by awarding damages in addition to specific
performance and that Pickard never proved he was ready, willing, and able to
perform the contract as required for specific performance.  We conclude that the trial court did not
abuse its discretion in ordering specific performance in accordance with the
terms of the parties’ agreement.  We
further conclude LJH has waived its issues by failing to adequately brief them.  We affirm.

Background

          In
December 2002, Pickard and LJH entered into an earnest money contract for the
sale of an apartment complex in Houston, Texas. 
The contract provided for a “Feasibility and Inspection Period” before
the parties had to close on the contract. 
After two agreed extensions of the Feasibility and Inspection Period,
the closing was to take place by April 15, 2003.

          Pickard
arranged for his partner, Tyrone Jackson, to execute the closing documents on
Friday, April 11, in Colorado.  Jackson
would then send the documents to the title company in Houston, where Pickard
and LJH would complete the closing on Monday, April 15.  LJH called Jackson and Pickard on April 11,
cancelling the closing.  This suit for
breach of contract followed.

          In
his live pleading, Pickard sought both money damages and specific
performance.  Pickard’s prayer for relief
included a request that the trial court order a management company to “operate
and maintain the [P]roperty in a professional manner during the preparation for
sale of the Property to Pickard so that the value of the business conducted
thereon will not be diminished prior to the acquisition of the Property by
Pickard.”  Pickard’s live pleading did
not request any of the specific terms he now contends should be included in the
judgment in this case.

          The
parties tried this case before a jury. 
The jury found that LJH breached the contract.  The trial court submitted a question for
breach of contract damages for “Business Expenses,” “Lost Income,” and
“Change/Loss of Interest Rate.”  In
closing argument, Pickard explained what he sought for those elements.  Business expenses were the expenses Pickard
incurred in 2003 to perform his part of the earnest money contract.  Lost income was the money that could have
been earned from the property had it been sold in 2003.  The change or loss of interest rate was
damages from the increase of interest rate from the rate Pickard could have
obtained in 2003 to the higher rates available at time of trial.  The jury found damages of $3,762.56 for
business expenses and $75,748.82 for lost income, but found Pickard suffered no
damages due to a change or loss of the interest rate he could have obtained in
2003.  

          Pickard
moved for entry of judgment and submitted a proposed judgment that included a
provision that LJH turn over the property to a management company pending final
sale to Pickard.  However, the trial
court did not sign the proposed judgment. 
The trial court rendered judgment on the jury’s verdict and ordered
specific performance in accordance with the terms of the earnest money
contract.  

          After
the court rendered its judgment, Pickard filed a motion to modify the judgment
that included a request for the trial court to appoint a management company to
run the property until it reached the level of net monthly income that it had
in December 2002 when the parties entered into the earnest money contract.  Under Pickard’s proposed judgment, once this
level was reached and maintained for six months, then the parties would be
obligated to complete the sale of the property. 
This motion was the first time these terms were requested in the final
judgment.  Pickard’s live petition did
not contain these terms, nor did his original motion for entry of judgment.  The trial court did not rule on the motion to
modify the judgment.  Pickard timely
filed a notice of appeal and LJH timely filed its own notice of appeal.     

Specific Performance

          In two
issues, Pickard asserts this court should modify the trial court’s judgment of
specific performance.  Specifically,
Pickard seeks a modification of the trial court’s judgment to appoint a
management company to operate the property until the net monthly income reaches
the level it had been in December 2002 (when the parties entered into the
earnest money contract) for a period of six consecutive months.  Initially, we note that Pickard cites to no
case enforcing specific performance in such a manner, but relies on cases
discussing specific performance and equity in general.

          Specific
performance is an equitable remedy available for a breach of contract.  Luccia
v. Ross, 274 S.W.3d 140, 146 (Tex. App.—Houston [1st Dist.] 2008, pet.
denied); Paciwest, Inc. v. Warner Alan Props., LLC, 266 S.W.3d 559, 571 (Tex.
App.—Fort Worth 2008, pet. denied).  
Specific performance is not a matter of right, but a matter committed to
the discretion of the trial court.  Paciwest, Inc., 266 S.W.3d at 571; Stafford v. S. Vanity Magazine, Inc.,
231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied).  A trial
court abuses its discretion when it acts arbitrarily or unreasonably and
without reference to any guiding rules or principles.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).

          Pickard seeks
additional relief that would require a third-party management company, not a
party to this suit, to operate the property for an indefinite period until the
net monthly income reached a certain level and remained there for six
consecutive months.  The relief that
Pickard seeks is more like a mandatory injunction than specific
performance.  See S. Plains Switching, Ltd.
Co. v. BNSF Ry. Co., 255 S.W.3d 690, 703 (Tex. App.—Amarillo 2008, pet.
denied) (stating relief sought by party to enforce specific performance of
agreement by ordering opposing party “to perform a continuous series of acts
which extend through a long period of time” was “in essence” mandatory
injunction).  To determine the propriety
of enforcing specific performance by injunction or an order requiring continued
acts into the future, we examine whether (1) an adequate remedy at law exists;
(2) present performance is possible; (3) the agreement contains precise terms
capable of enforcement; and (4) the injunction comports with the terms of the
agreement.  Cytogenix, Inc. v. Waldroff, 213 S.W.3d 479, 487 (Tex. App.—Houston
[1st Dist.] 2006, pet. denied). 




 

 

                   1.       Adequate
Remedy at Law

          Specific
performance is appropriate in cases where there is no adequate remedy at law.  S.
Plains Switching, Ltd., 255 S.W.3d at 703; Cytogenix, Inc., 213 S.W.3d at 487 (citing Canteen Corp. v. Republic of Tex. Props., Inc., 773 S.W.2d 398, 401
(Tex. App.—Dallas 1989, no writ)).  An
“irreparable injury” is one for which actual damages will not adequately
compensate the injured party or the damages cannot be measured by any certain
pecuniary standard.  Cytogenix, Inc., 213 S.W.3d at 488 (citing Butnaru v. Ford Motor Co., 84
S.W.3d 198, 204 (Tex. 2002) and Canteen
Corp., 773 S.W.2d at 401).  Because
of the unique nature of real property, breach of a contract to sell real
property may generally be enforced by specific performance.  See
Rus-Ann Dev., Inc. v. ECGC, Inc.,
222 S.W.3d 921, 927 (Tex. App.—Tyler 2007, no pet.); Scott v. Sebree, 986 S.W.2d 364, 369–70 (Tex. App.—Austin 1999,
pet. denied).

          Here,
the trial court ordered specific performance of the earnest money contract,
which would result in the sale of the property to Pickard.  Pickard is asking for additional relief—the
appointment of a management company to operate the property until its condition
is improved.  In support of this relief,
Pickard contends he is entitled to arrange for a “mortgage . . . in an amount
and with terms [] near to what he had back in early 2003,” but, now, “the
interest rate may be higher than it was in early 2003.”  Pickard also asserts that LJH has allowed the
condition of the property to decline, which will contribute to his inability to
gain favorable financing terms. 
Specifically, Pickard asserts that there is a large amount of
maintenance that has been deferred during the pendency of this suit, as
compared to the minor amount of deferred maintenance in December 2002.

          In appropriate cases, relief in the form
of monetary damages is available in addition to the equitable relief of
specific performance in a breach of contract suit.  See Paciwest, Inc., 266 S.W.3d at 575 (stating that breach of contract damages
for increased interest rate on third party financing may be sought in addition
to specific performance).  Obtaining a loan with a less favorable
interest rate is measurable by a certain pecuniary standard.  See id.  In fact, Pickard sought damages for the
change of interest rate from 2003 until trial, but the jury found no damages
for the changed interest rate.  Pickard
does not challenge the jury’s finding in this appeal.  Because there is an adequate remedy at law,
this factor weighs against the additional relief Pickard seeks. See S.
Plains Switching, Ltd., 255 S.W.3d at 703; Cytogenix, Inc., 213 S.W.3d at 488.

                   2.       Possibility
of Present Performance

          A court
should not enforce specific performance where the trial court’s order will
require a party to perform a continuous series of acts into the future, over
which the court exercises its supervision.
Cytogenix, Inc., 213 S.W.3d at 487 (citing Tex. & Pac. Ry. Co. v. City of Marshall, 136 U.S. 393, 407, 10 S. Ct. 846, 850 (1890) and Canteen Corp., 773 S.W.2d at 401)).  “Instead, absent a significant public
interest, parties to a private contract are left to their remedies at law.”  Id.
at 488 (citing Canteen Corp., 773 S.W.2d
at 401).

          Here, the
trial court’s judgment orders present performance of the parties’
contract.  The additional relief Pickard
seeks will require continued performance extending into the future.  It is likely that any disputes between
Pickard and LJH or with the management company would require the parties to
return to court for further supervision. 
Furthermore, the contract for sale of an apartment complex between two private
parties does not implicate a public interest. 
Thus, this factor weighs against granting the additional relief Pickard
seeks.  See id. at 487 (noting order contemplating “a continuous series of
acts which extend through a long period of time and require constant
supervision by the court” is not proper remedy for specific performance in
breach of contract case).

                   3.       Precise
Terms Capable of Enforcement

          Concerning
this factor, it appears the earnest money contract is sufficiently definite to
be capable of enforcement.  The trial
court ordered LJH to perform under the terms of the contract.  Pickard, however, seeks a management company
to take over the property.  The proposed
terms of the management company’s responsibilities and obligations are not set
forth in the parties’ agreement.  The earnest money contract is sufficiently
precise to support an award of specific performance, but the additional relief
proposed by Pickard is not.  This factor
weighs against granting the relief Pickard is seeking.  See Cytogenix,
Inc., 213 S.W.3d at 488.

                   4.       Relief
Comports with Terms of Agreement       

          The additional
relief Pickard seeks exceeds the scope of the original agreements.  The earnest money contract provides that
Pickard could seek specific performance if LJH defaulted on the contract.  The trial court’s judgment orders LJH to perform
under the terms of the earnest money contract. 
However, the terms of the judgment proposed by Pickard are not present
in the agreement.  Pickard’s proposed
relief does not address the terms of the parties’ earnest money contract.  Instead, Pickard’s relief is ultimately
geared towards improving the terms of his third-party financing, a separate
contract not at issue in this suit.  This
final factor also weighs against granting the additional relief sought by
Pickard, because the additional relief does not comport with the terms of the
earnest money contract.  See Cytogenix, Inc., 213 S.W.3d at 488–89.

          We hold that
the trial court did not abuse its discretion by ordering specific performance
of the earnest money contract according to its terms, rather than adding
additional terms that require continuing action into the future and that do not
comport with the original agreement.  We
overrule Pickard’s first and second issues as they relate to his request for
the appointment of a management company and for a modification of the contract
terms.

Deadlines Imposed by Final Judgment

          Within his
second issue, Pickard asserts the trial court’s judgment is erroneous because
it provides for certain deadlines of the specific performance of the earnest
money contract to be performed within a set time from “the date this Final
Judgment is signed.”  All of these
deadlines have passed while Pickard pursued this appeal.   

          Pickard’s
argument on this issue states, in its entirety, “Without knowing when the Final
Judgment will be final and non appealable it is improvident to hire and pay a
mortgage broker to get a loan when there is no certainty as to when a closing
date will be able to be set.”  Texas Rule of Appellate Procedure 38.1(i)
requires that an appellant’s brief “contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the
record.”  Tex. R. App. P. 38.1(i). “Rule 38 requires [a party] to
provide us with such discussion of the facts and the authorities relied upon as
may be requisite to maintain the point at issue.”  Tesoro Petroleum Corp. v. Nabors Drilling
USA, Inc., 106 S.W.3d 118,
128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  “This is not done by merely uttering brief
conclusory statements, unsupported by legal citations.”  Id.  “Issues on appeal are
waived if an appellant fails to support his contention by citations to
appropriate authority or cites only to a single non-controlling case.”  Abdelnour v. Mid Nat'l Holdings, Inc., 190 S.W.3d 237, 241 (Tex. App.—Houston
[1st Dist.] 2006, no pet.); see Daniel v. Falcon Interest Realty Corp.,
190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.).   Here, in the single sentence quoted above,
Pickard does not provide citation to any authority and does not provide any
discussion or argument concerning his contention.  Pickard has waived any error concerning the
deadlines by failing to adequately brief the issue.  See Tesoro Petroleum Corp., 106 S.W.3d at 128. Furthermore, to
the extent Pickard is requesting modification of the judgment to provide
that the time periods established by the earnest money contract will begin once
a management company has taken control of the property and confirmed the
property has reached a certain level of net operating income for six
consecutive months, we have already held that this is not an appropriate remedy
to be granted as part of specific performance. 
We overrule that
portion of Pickard’s second issue concerning the deadlines in the judgment.

LJH’s Cross-Appeal

          A.      Damages

          In its first issue, LJH contends that
the trial court erred in granting both damages and the equitable relief of
specific performance to Pickard.  We
overrule this issue for two reasons.  First,
LJH is mistaken about the law.  In an
appropriate case, damages may be awarded in addition to specific
performance.  See Paciwest, Inc., 266 S.W.3d at 575.   Second, LJH has waived this issue due to
inadequate briefing.  LJH’s argument
consists of a brief paragraph discussing the requirement of a party seeking
specific performance to plead and prove it is ready, willing, and able to
perform under the contract.  In the
middle of this paragraph, the following sentence appears: “An award of money
damages is inconsistent with an equitable relief of specific performance.”  This single sentence is the entirety of LJH’s
argument concerning damages and specific performance.  LJH has waived any issue concerning the award of damages by
failing to cite any authority or providing any discussion concerning this
issue.  See Tesoro Petroleum Corp., 106 S.W.3d at 128; Tex. R. App. P. 38.1(i).  Accordingly, we overrule LJH’s first issue.

          B.      Ready,
Willing, and Able to Perform 

          In its second
issue, LJH contends Pickard was not entitled to specific performance because he
did not show that he tendered performance under the contract or was ready
willing and able to perform.  LJH does
not provide any appropriate standard of review. 
LJH cites to a single case to support its statement that specific
performance is only available “when the buyer is ready willing and able to
perform under the contract.”  LJH also
states, “Plaintiff never tendered consideration, nor offered any testimony that
consideration was tendered.”  LJH
provides no citation to the record and no discussion or analysis of the facts
of this case in the context of relevant authority.   Therefore, LJH has waived this issue.  See Tesoro Petroleum Corp., 106 S.W.3d at 128; Tex.
R. App. P. 38.1(i).  We
overrule LJH’s second issue.

Conclusion

          We affirm the
judgment of the trial court.

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Alcala and Higley.