**DISSOLVE INJUNCTION and REMAND; and Opinion Filed February 14, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00193-CV

**NOEUI LAU LALONDE, Appellant**
**V.**
**CYNTHIA ALLEN, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-04716-2013**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Lang-Miers
Opinion by Justice Lang-Miers

In this accelerated[1] interlocutory appeal, Noeui Lau Lalonde[2] contends the trial court abused its discretion by granting a temporary injunction. We agree and dissolve the injunction.

Cynthia Allen is an attorney who represented Lalonde in a divorce proceeding. Allen intervened in that proceeding seeking payment of attorney's fees in the amount of $48,465.40 for services rendered to Lalonde. She alleged claims for suit on sworn account, breach of contract, and quantum meruit. Meanwhile, the divorce was finalized and the final decree awarded Lalonde a judgment of $50,000 against her ex-husband for her attorney's fees. The trial court severed the intervention from the divorce proceeding.

---

[1] After the briefs were filed in this appeal, appellant filed a suggestion of bankruptcy and we abated the appeal. Upon appellant's motion, we reinstated the appeal and now consider the merits of appellant's issues.

[2] Appellant was married to Andre Lalonde. The parties and the pleadings refer to appellant as both Lau and Lalonde. The final decree of divorce uses "Lau." But appellant's brief states, "Noeui Lau Lalonde." We will refer to her as Lalonde.

Lalonde answered Allen's lawsuit and asserted affirmative defenses and a counterclaim for legal malpractice. While the lawsuit was pending, Allen learned that Lalonde and her ex-husband were selling the marital residence and that the title company was going to withhold $50,000 from the sales proceeds to satisfy the judgment against Andre and disburse those funds to Lalonde. Allen asked the court for an emergency order temporarily restraining the title company from disbursing the funds to Lalonde until the court could hold a hearing. The court granted the TRO and set the matter for a hearing.

At the hearing on the application for temporary injunction, Allen testified that she was owed "closer to $60,000" in attorney's fees and that she knew of no other source "that money can be retrieved from other than the money" from the sale of the residence. She testified that in her opinion Lalonde would never pay the fees she owed Allen "simply because I would not continue on her case." Allen said that while the judgment for attorney's fees was awarded to Lalonde, "it was on my work, my tireless work, and it would be servitude. She [sic] getting it for free. I'm a slave because I've not been paid." Allen testified that unless Lalonde was successful on her claim for malpractice, she was confident she would prevail on her claim for attorney's fees. Allen said she knew of no other remedy at law that would be adequate to secure the payment of her fees given that Lalonde would not pay her.

Allen's attorney argued that without the injunction, Lalonde would receive a windfall of $50,000 and "[t]hat would just be an injustice in this case, that she get that windfall." He argued that Lalonde had not presented any evidence that she would be harmed by putting the money in the registry of the court. Lalonde responded that it was not her burden to show harm, and that the evidence did not show that Lalonde was unable to satisfy a judgment against her. She argued that the only evidence Allen presented was that Lalonde would not "want to pay" Allen, which "is not a standard."

At the conclusion of the hearing, the trial court orally granted a temporary injunction, stating it wanted "to maintain the status quo and make sure until we decide the merits that the money is not disbursed." About a month later, the trial court signed the temporary injunction order. In the order, the trial court stated that, without an injunction, Lalonde would be "unjustly enriched with a windfall of $50,000.00 award from the underlying divorce action." The court specifically found that Allen had presented "evidence of a substantial likelihood of success on the merits of the claims she has asserted"; that disbursement of the funds to Lalonde would cause Allen "immediate and irreparable harm"; and that Allen had no adequate remedy at law. With regard to the element of imminent harm and irreparable injury, the temporary injunction stated verbatim:

> Should the $50,000.00 disbursement of the funds be made to Defendant would have a substantial likelihood to cause CYNTHIA ALLEN immediate and irreparable harm; causing a loss of good will to payments owed and due to Plaintiff, Plaintiff's firm and plaintiff's contractor's and agents; and causing a breach in contracts that service Plaintiff and Plaintiff's law firm for over ten (10) years. As such, harm is imminent if the Court does not issue the temporary injunction . . . .

The temporary injunction enjoined Lalonde from taking possession of or disbursing the $50,000 from the sale of the residence and "ordered that the funds shall be placed in the courts registry until further orders of the court."[3] On the same day the court signed the temporary injunction order, the court signed an order "clarifying the temporary restraining order" and specifically ordered the title company to place the $50,000 in the registry of the court.

Lalonde argues on appeal that the trial court abused its discretion by issuing the temporary injunction because (1) the injunction did not comply with rule 683 of the Texas Rules of Civil Procedure; (2) Allen did not prove a probable, imminent, and irreparable injury; (3) Allen did not prove a probable right to relief; and (4) the injunction seized exempt property. She

---

[3] The injunction did not order any specific individual or entity to place the funds in the registry of the court.

asks that we dissolve the temporary injunction and vacate the order "clarifying the temporary restraining order."

We review a trial court's order granting a temporary injunction for an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We view the evidence in the light most favorable to the trial court's order and indulge every reasonable inference in its favor. *Miller v. Talley Dunn Gallery, LLC*, No. 05-15-00444-CV, 2016 WL 836775, at \*5 (Tex. App.—Dallas Mar. 3, 2016, no pet.) (mem. op.). We will not substitute our judgment for that of the trial court unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable disagreement. *Id*. A trial court abuses its discretion when it misapplies the law to established facts, or when the evidence does not reasonably support the court's determination of the existence of one of the elements required to be proved. *Id*.

A temporary injunction is an extraordinary remedy that does not issue as a matter of right. *Butnaru*, 84 S.W.3d at 204. To obtain a temporary injunction, the applicant must plead and prove (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Id*. "An injury is irreparable if the injured party cannot be compensated in damages or if the damages cannot be measured by any certain monetary standard" and the only adequate relief available is in equity. *Leibovitz v. Sequoia Real Estate Holdings, L.P.*, 465 S.W.3d 331, 352 (Tex. App.—Dallas 2015, no pet.) (citing *Butnaru*, 84 S.W.3d at 204). In other words, to show the type of injury that warrants equitable relief, there must be no adequate remedy at law. *See Butnaru*, 84 S.W.3d at 209. Ordinarily equitable relief is not available for a breach of contract because a suit for damages is deemed to be an adequate remedy. *Id*.

Without regard to whether the temporary injunction complied with civil procedure rule 683, we conclude that Allen did not establish her right to the relief sought.

Allen sought recovery of damages in the amount of $48,465.40. She testified that without the injunction, she believed Lalonde would not pay her. But Allen's belief that Lalonde would not pay the attorney's fees does not make the injury irreparable. *See id.*; *see also Benefield v. State*, 266 S.W.3d 25, 30–31 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (evidence at most showed "fear of the possibility of a future injury"). Allen also testified that she did not have an adequate legal remedy because she was not aware of any other funds owned by Lalonde from which Lalonde could pay the attorney's fees owed. But Allen testified that she knew Lalonde owned a corporation and employed three or four employees. Allen said she knew Lalonde made most of her money from October to December of each year. The evidence does not support a finding that Lalonde had no other source of revenue from which she could pay the fees she owed.

In addition, Allen attached her billing records to her petition showing that the alleged damages were not difficult to calculate, but were specific and measurable. *See Butnaru*, 84 S.W.3d at 209. An inadequate remedy at law is rarely shown when a suit for damages for breach of contract is available. *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ); *see also Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 423 (Tex. 2011); *Butnaru*, 84 S.W.3d at 204. Allen's testimony did not establish that this is one of those rare circumstances in which a suit for damages would be inadequate.

We conclude that the evidence does not support the trial court's finding that Allen would suffer probable, imminent, and irreparable injury without the issuance of a temporary injunction. Consequently, the trial court abused its discretion by issuing the temporary injunction.

We sustain Lalonde's sole issue and dissolve the temporary injunction issued on January 28, 2015. Lalonde also asks that we vacate the January 28, 2015 "Order on Motion to Clarify Temporary Restraining Order Against North American Title Company." However, the temporary

restraining order expired by its terms 14 days after it was signed. *See* TEX. R. CIV. P. 680.

Consequently, this issue is moot. We remand this cause to the trial court for further proceedings.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


150193F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

NOEUI LAU LALONDE, Appellant

No. 05-15-00193-CV      V.

CYNTHIA ALLEN, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-04716-2013.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Lang participating.

    In accordance with this Court's opinion of this date, we **DISSOLVE** the January 28, 2015 temporary injunction and **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

    It is **ORDERED** that appellant Noeui Lau Lalonde recover her costs of this appeal from appellee Cynthia Allen.

Judgment entered this 14th day of February, 2017.