**Affirmed and Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00668-CV

**BENJAMIN J. CORBIN AND CINDY NICOLE KROTH, Appellants**

**V.**

**THE COMMONS OF LAKE HOUSTON PROPERTY OWNERS
ASSOCIATION, INC., Appellee**

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2022-70631**

## O P I N I O N

Does the 2021 enactment of Property Code section 202.023 preclude a property owners' association from enforcing a restrictive covenant which prohibits the construction of fencing or other structures in a recreational easement that burdens a portion of each lot within the property owners' association? Tex. Prop. Code Ann. § 202.023 ("Security Measures"). In a matter of first impression for this court, we conclude that although the reservation of the recreational easement remains valid, the property owners' association is prohibited by statute from

enforcing a restrictive covenant which prevents a property owner from building or installing security measures, such as a perimeter fence, in the recreational easement at issue.

The trial court denied the application of appellants Benjamin J. Corbin and Cindy Nicole Kroth (the homeowners) for a writ of temporary injunction seeking to bar appellee The Commons of Lake Houston Property Owners Association, Inc. (the Association) from approving fencing requests that encroach on a recreational easement reserved by the Association on each tract of land within the Association. In this interlocutory appeal, the homeowners raise two issues arguing the trial court erred in (1) denying their application for temporary injunction and (2) interpreting and applying Property Code section 202.023. Tex. Prop. Code Ann. § 202.023. We affirm the trial court's order.

## I. BACKGROUND

The homeowners own real property in Harris County, subject to a mandatory property owners' association known as The Commons of Lake Houston, Inc.[1, 2] The Association is governed by a Declaration of Covenants, Conditions and Restrictions (the Declaration) that creates and reserves an easement "for any purposes of the association including, but not limited to, greenbelt, hiking, biking,

---

[1] A property owners' association is a designated representative of the owners of property in a subdivision and may be referred to as a "homeowners association," "community association," "civic association," "civic club," "association," "committee," or similar term contained in the restrictions. Tex. Prop. Code Ann. § 204.004(a).

[2] A property owners' association "must be nonprofit and may be incorporated as a Texas nonprofit corporation." Tex. Prop. Code Ann. § 204.004(b). The record reflects that the Association is incorporated as Texas nonprofit corporation under the name "The Commons of Lake Houston Property Owners Association, Inc." However, the Declaration refers to the Association as "The Commons of Lake Houston, Ltd." Because it is not challenged or objected to by any party, we will consider the Declaration in the record to be an operative document for the Association.

horse trails, Common [Area]s, drainage and service of utilities." Each lot or tract is burdened by this recreational easement on the back 20 feet of the lot. The Declaration also contains a provision that prohibits any "structure, planting, or other material" from being placed in the recreational easement or interfering with "passage along such common or private road Easements or which would interfere with maintenance thereof." The Declaration further provides the Association is charged with maintaining the common-area easements including the recreational easement.

Until 2021, the Association prohibited the construction of fencing or other improvements within the easement through its restrictive covenants. In 2021, the legislature enacted Property Code section 202.023 which states that "a property owners' association may not adopt or enforce a restrictive covenant that prevents a property owner from building or installing security measures, including but not limited to a security camera, motion detector, or perimeter fence." Tex. Prop. Code Ann. § 202.023(b). After section 202.023 went into effect, the Association began approving requests for perimeter fences that encroached on the easement.

In 2022, the homeowners filed suit against the Association asserting breach of contract, breach of the declaration, promissory estoppel, negligence, and aiding and abetting. The homeowners also sought temporary and permanent injunctions directing the Association to deny all applications that encroach on the easement.

In 2023, the trial court signed an order denying the homeowners' application for a writ of temporary injunction. The trial court's order stated:

> Tex. Prop. Code § 202.023, relating to security measures, prevents the Defendant from enforcing those provisions of the Amended, Restated and Consolidated Declaration of Covenants, Conditions and Restrictions for The Commons of Lake Houston Sections I, II, III, IV, V, VI, VII, VIII, X and XI recorded under Harris County Clerk's File No. Y503501 ("the deed restrictions") that would prevent the

installation of perimeter fences within the common area easements, and therefore Plaintiffs' Application for the above-referenced injunctive relief should be DENIED.

The homeowners appeal from this order denying their application for writ of temporary injunction.[3]

## II. ANALYSIS

### A. Standing

Before addressing the merits of the case, we first consider the trial court's jurisdiction, as well as our own.[4] "Subject matter jurisdiction is essential to the authority of a court to decide a case." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "Because standing is required for subject-matter jurisdiction, it can be—and if in doubt, must be—raised by a court on its own at any time." *Finance Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013). We review a question of standing de novo. *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

The homeowners allege that the Declaration expressly authorized them to enforce the restrictive covenant creating an easement:

> Declarant, the Association, or any Owner will have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, and reservations now or hereafter imposed by the provisions of this Declaration, Declarant and the Association shall have the right to enforce, by proceeding at law or in equity all reservations, liens, assessments and charges imposed by the Declaration.

Declaration, art. XI, section 1. The Declaration therefore gives the homeowners the

---

[3] "A person may appeal from an interlocutory order of a district court . . . [that] grants or refuses a temporary injunction[.]" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4).

[4] The homeowners' standing was not challenged in the trial court, nor was it raised the parties' appellate briefs. At this court's request, the parties did submit briefing on standing.

legal authority to act. Although the recreational easement is reserved for "any purposes of the association," the homeowners are members of the Association and the Declaration specifically provides that all the covenants, conditions, and easements created in the Declaration "shall inure to the benefit of each Owner thereof." *See* Tex. Prop. Code Ann. § 204.004 (membership of association consists of owners of property within subdivision subject to property owners' association); *Houston Laureate Assocs., Ltd. v. Russell*, 504 S.W.3d 550, 557 (Tex. App.— Houston [14th Dist.] 2016, no pet.) (property owners had standing to enforce easement because agreement creating easement specifically conveyed easement for benefit of residential property owners and their land). Therefore, we conclude that the homeowners have standing to bring the underlying lawsuit and this appeal.

## B. Temporary injunction

The trial court's order states the trial court denied the temporary-injunction application because the homeowners had not shown a probable right to the relief sought. The trial court analyzed the statute and determined that the relief sought by the homeowners was prohibited by law. Therefore, we consider issues one and two together because the trial court's analysis of the statute determined its decision to deny the application for temporary injunction.

### 1. Standard of review

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex. 1993). To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An injury is irreparable if the injured party cannot be adequately

compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ).

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru*, 84 S.W.3d at 204. We review an order denying a temporary injunction for abuse of discretion. *Id*.

### 2. Easement and restrictive covenant at issue

The Declaration created both an easement and a restrictive covenant relating to fencing on the back of each lot in the property owner's association.

"Unlike a possessory interest in land, an easement is a nonpossessory interest that authorizes its holder to use the property for only particular purposes." *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002) (citing *Restatement (Third) of Prop.: Servitudes* § 1.2(1) (Am. Law Inst. 2000)). An easement does not convey title to property. *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 658 (Tex. 2007). Here, the Declaration reserved an easement, a nonpossessory right to use, for all members of the Association on the back 20 feet of each lot for recreational purposes.

In contrast, a "restrictive covenant" as defined by statute is "any covenant, condition, or restriction contained in a dedicatory instrument, whether mandatory, prohibitive, permissive, or administrative." Tex. Prop. Code Ann. § 202.001(4).[5] The restrictive covenant in the Declaration preserved access to the recreational easement by prohibiting any "structure, planting, or other material" from being

---

[5] The Declaration at issue is a dedicatory instrument as defined by statute. *See* Tex. Prop. Code Ann. § 202.001 ("'Dedicatory instrument' means each document governing the establishment, maintenance, or operation of a residential subdivision . . . . The term includes a declaration or similar instrument subjecting real property to . . . restrictive covenants, bylaws, or similar instruments governing the administration or operation of a property owners' association").

placed in the recreational easement or interfering with "passage along such common or private road Easements or which would interfere with maintenance thereof."[6]

The supreme court has affirmed the legislature's intent that restrictive covenants not proscribed by statute should be "liberally construed to give effect to its purpose and intent." *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 339 (Tex. 2020) (quoting Tex. Prop. Code Ann. § 202.003(a)). However, the legislature has enacted statutory restrictions or limitations on the ability of property owner's associations to create and enforce certain restrictive covenants. *See Teal Trading & Dev.*, 593 S.W.3d at 339; *see generally* Tex. Prop. Code Ann. §§ 201.001–216.014. Therefore, we consider now whether section 202.023 has proscribed the enforcement of the restrictive covenant that prevents the placement of fencing in the recreational easement.

### 3.    The statute

Property Code section 202.023 states that "a property owners' association may not adopt or enforce a restrictive covenant that prevents a property owner from building or installing security measures, including but not limited to a security camera, motion detector, or perimeter fence." Tex. Prop. Code Ann. § 202.023(b).[7] The statute does not prohibit a property owners' association from regulating the type of fencing that a property owner may install. Tex. Prop. Code

---

[6] While the reservation of the easement itself is not affected by section 202.023, access to the easement, through enforcement of the restrictive covenant that restricts the use of all lots within the Association, may be affected.

[7] Although it does not bear on our statutory construction analysis, we note that section 202.023 was enacted to address reports that some property owners' associations were preventing homeowners from installing security measures such as fences, motion detectors, and security cameras. *See* Senate Comm. on Bus. & Industry, Bill Analysis, Tex. C.S.H.B. 3571, 87th Leg., R.S. (2021). The bill analysis states that the purpose of the legislation was to ensure that homeowners can adequately protect their homes. *Id*.

Ann. § 202.023(c).

Construction of statutory language is a question of law we review using the de novo standard. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When construing a statute, the court's primary objective is to give effect to legislative intent. *Colorado Cnty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). When interpreting the legislature's words, however, we must never "rewrite the statute under the guise of interpreting it," and it is not appropriate to rely on documents beyond the statutory text for assistance in determining legislative intent unless the statutory text is susceptible to more than one reasonable interpretation. *See In re Ford Motor Co.*, 442 S.W.3d 265, 284 (Tex. 2014); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).

### 4.      Application to the facts

The homeowners argue that enforcement of the reserved recreational easement and section 202.023 are compatible. They assert that the Association can enforce the easement in such a manner that perimeter fences are approved only if they do not encroach on the recreational easement. In opposition, the Association argues the plain language of the statute prohibits the association from denying or limiting the ability of property owners to install perimeter fencing.

The question raised by the arguments of the parties is how the term "perimeter fence" applies. The statute does not contain a definition for the term "perimeter fence" or "perimeter." Therefore, we look to the ordinary or common meaning. *See* Code Construction Act, Tex. Gov't Code Ann. § 311.011 (words and phrases construed according to common usage). "Perimeter" as applicable here is

8

defined as "(1) the boundary of a closed-plane figure; (2) a line or strip bounding or protecting an area; and (3) outer limits." *Perimeter*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/perimeter (last visited July 18, 2024). Therefore, the common usage of the term "perimeter fence" describes a fence around the boundary or outer limits of a property. This statutory construction analysis supports the arguments made by the Association.

Other provisions in Property Code chapter 202 support this interpretation. In section 202.012, the legislature prohibits a property owners' association from restricting the display of certain flags; however, the statute specifically provides that a "reasonable dedicatory instrument provision" may be enforced to comply with "applicable zoning ordinances, easements, and setbacks of record[.]" Tex. Prop. Code Ann. § 202.012. Although a property owners' association may not prohibit the display of certain religious items, the legislature made an exception for the enforcement of restrictive covenants if the display of a religious item would violate any easement. Tex. Prop. Code Ann. § 202.018. Similarly, the statutes addressing enforcement of restrictive covenants on swimming pools, stand-by generators, and solar devices contain significantly more exceptions and discussion of when and how property owners' associations may enforce restrictive covenants with respect to those items. *See* Tex. Prop. Code Ann. §§ 202.007, .010, .019, .022. In summary, the language of section 202.023 reflects a clear and unambiguous intent to prohibit property owners' associations from restricting the ability of homeowners to fence the perimeter of their property.[8]

Because we agree with the trial court that the homeowners did not establish a probable right to the relief sought given the application of section 202.023, we

---

[8] To the extent that the real argument raised by the homeowners is that the language of section 202.023 as enacted is too broad, that is an argument to make to the legislature, not the courts.

conclude the trial court did not err in denying the homeowner's application for a writ of temporary injunction.

We overrule issues one and two.

### III.  CONCLUSION

We affirm the trial court's order denying the homeowners' application for a writ of temporary injunction as challenged on appeal.


/s/     Charles A. Spain
Justice


Panel consists of Justices Wise, Bourliot, and Spain.